**Alfred Glen SYMONS, Appellant,**

v.

**John H. KLINGER, Superintendent California Men's Colony, Los Padres, Appellee.**

**No. 20969.**

United States Court of Appeals
Ninth Circuit.

Jan. 16, 1967.

Alfred Glen Symons, in pro. per.

Thomas C. Lynch, Atty. Gen. of California, William E. James, Asst. Atty. Gen., David Gould, Deputy Atty. Gen., Los Angeles, Cal., for appellee.

Before BARNES, MERRILL and ELY, Circuit Judges.

MERRILL, Circuit Judge:

Appellant, imprisoned following conviction of the state crime of possession of heroin, appeals from an order of the District Court denying release on habeas corpus.

1. He asserts that Fourth Amendment rights were violated by failure to suppress evidence seized at the time of his arrest. In this connection he challenges the lawfulness of:

(a) *His arrest* at his home in Inglewood, California, since it was made by Los Angeles City police officers operating beyond the boundaries of their jurisdiction and without warrant.[1]

 These officers, following a two-week surveillance of one Hernandez, had probable cause to believe that appellant had committed state felonies in making sales of narcotics to Hernandez and also that he was presently committing the felony of which he was later convicted: possession of narcotics. Under these circumstances lack of warrant does not render unreasonable an arrest by an authorized person. Henry v. United States, 361 U.S. 98, 100, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959). The police officers, as private citizens, were authorized by California law to make arrests under these circumstances. Cal.Penal Code § 837(3).

(b) *Entry* into his home, since it was by force after he had been summoned by deception.

On arrival at his home the officers found the door open, but a screen door locked. They knocked, and appellant called: "Who's there?" The officers answered: "Telegram." Appellant came to the door. One officer, gun in hand, identified himself and ordered appellant to stand still. Appellant turned and ran. The officers kicked the door open and entered. Appellant was found pouring the contents of a small bottle (later ascertained to be heroin) down the sink. The bottle and a hypodermic syringe and needles lying on the sink were seized.

 Under all the circumstances we find the entry to be reasonable. See

---

1. While in 1965 authority of officers to arrest beyond the boundaries of their jurisdiction under such circumstances as are here presented was conferred by statute, Cal.Penal Code § 817, the law at the time of appellant's arrest was apparently that expressed in People v. Martin, 225 Cal. App.2d 91, 36 Cal.Rptr. 924 (1964).

United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950). It was still a daylight hour. The officers' deception did not serve them in gaining entry but only enabled them to communicate their identity to appellant. Forcible entry was justified since appellant had given the officers cause to believe that he was either attempting to evade arrest or dispose of instrumentalities of crime. Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); Vanella v. United States, 371 F.2d 50 (9th Cir. 1966). In our view the officers' technical status as private citizens under state law does not alter the standard for reasonableness of the entry.

(c) *Search.* Following arrest a search of appellant's refrigerator disclosed some dolophine, a narcotic but here apparently a prescription drug, which the officers also seized. Appellant contends that the search was unlawful. This question we do not reach.

■ Appellant was not convicted of possession of the dolophine, but of possession of the heroin which was seized without resort to search. While the dolophine, fruit of the search, was received in evidence, appellant waived any right to its suppression. The heroin, hypodermic syringe and needles, and the dolophine were identified as a single exhibit. When this exhibit was offered in evidence the Government proposed to exclude the dolophine from its offer. Appellant opposed this exclusion, apparently with the hope that any aura of lawful possession emanating from the prescription dolophine might be extended to include the heroin. Thus the fruits of the search were admitted not only without objection, but upon the insistence of appellant.

2. Appellant asserts that his Sixth Amendment rights were violated by receiving in evidence testimony as to statements made by him at the time of his arrest which he claims were not freely and voluntarily made and were made in absence of counsel and without warning as to his right to remain silent or to be represented by counsel.

■ We fail to see how these statements could possibly have prejudiced appellant upon the issue of guilt of the crime charged.[2] Further the holdings in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), by which rights now claimed by appellant were established, cannot retroactively benefit appellant. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). His trial commenced December 10, 1959.

■ 3. Appellant asserts that his Sixth Amendment rights to confrontation and cross-examination were violated since the court, on stipulation of counsel and without appellant's personal waiver and consent, accepted the record made at preliminary hearing in lieu of trial. Appellant, at the preliminary hearing, was represented by counsel who fully cross-examined Government witnesses. All objections were expressly reasserted at the trial.

This court has held that under these circumstances, Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed. 2d 923 (1964), does not apply. Butler v. Wilson, 365 F.2d 308 (9th Cir. 1966)

2. The testimony in question was as follows:
"THE WITNESS: I questioned the defendant Symons as to his association with one Robert Hernandez [the subject of the two-week surveillance]. He told me that he had known Robert Hernandez for many years. That he had been to his house on numerous occasions. That he had been using heroin since 1948.
I asked him how much heroin was in the vial when he tried to dispose of it. He told me he didn't know whether it was heroin.
I asked him why he ran when I told him we were police officers and he stated he had some socks in the sink that he was washing and he wanted to tend to them.
I then asked him if he had any narcotics at 3509 West 116th Street and he stated no."

**50**

Further it may be noted that the stipulation of counsel was in this case wholly consistent with appellant's plea of not guilty and was accompanied by a vigorous defense by his counsel, based largely upon the Constitutional issues already discussed. Thus we are not faced with such a situation as was found to exist in Brookhart v. Janis, 384 U.S. 1, 86 S. Ct. 1245, 16 L.Ed.2d 314 (1966). The stipulation was not in essence a plea of guilty or of *nolo contendere*. It was legitimate strategy of defense and such rights as were affected were within the power of counsel to waive on behalf of appellant. Accord, Wilson v. Gray, 345 F.2d 282 (9th Cir. 1965).

Judgment affirmed.