[Crim. No. 11328.   In Bank.   Nov. 6, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. ELIAS BLUE FOSTER, Defendant and Appellant.

Gilbert F. Nelson, under appointment by the Supreme Court, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Phillip G. Samovar, Deputy Attorney General, for Plaintiff and Respondent.

BURKE, J.—An information was filed charging Elias Blue Foster with a violation of Penal Code, section 288 (lewd or lascivious acts upon a child) and with a prior felony conviction in California of assault with a deadly weapon. Defendant pleaded not guilty and denied the prior conviction. He waived a jury trial and was found guilty by the court of the offense. (The disposition of the prior conviction is discussed later herein.) ▇▇ [See fn. 1] The court determined defendant to be a probable mentally disordered sex offender[1] and directed that he be confined at Atascadero State Hospital for observation and diagnosis for a period not to exceed 90 days.

At the hospital he was found to be a mentally disordered sex offender not amenable to treatment and was returned to the superior court for further proceedings. The court then committed him to the Department of Mental Hygiene for an indeterminate period but subsequently vacated that order

---

[1]The commitment order contains conflicting recitals on this point. The typewritten portion of the order states that, "The Court finds that the defendant is a *probable* mentally disordered sex offender," whereas the printed portions of the order purport to find, and adjudge and decree, that defendant "*is* a mentally disordered sex offender." (Italics added.) Credence should be given to the typewritten portion of the order (*People* v. *Succop,* 65 Cal.2d 483, 484, fn. 1 [55 Cal.Rptr. 397, 421 P.2d 405]), but correction of the wording of the order is unnecessary since, as we shall see, the order must be vacated.

because of "irregularities in the order." The criminal proceedings were resumed, and defendant was sentenced to the state prison for the term prescribed by law.

He now appeals from the judgment of conviction contending (1) that he did not effectively waive his right to confront the prosecutrix at the trial and (2) that the order committing him to Atascadero State Hospital for a temporary period is invalid and prejudicial to him.

At the preliminary hearing the sole witness for the People was the 12-year-old prosecutrix, who testified that defendant committed described lewd or lascivious acts upon her. She was cross-examined at that time by defense counsel.

Subsequently, after a jury was waived, the court stated that "it would save time if any part of the case could be submitted." Defense counsel stated he would review the matter with defendant. Following a two-hour recess, defense counsel and the prosecutor, in defendant's presence and without objection by him, stipulated that "the Court may read and consider the transcript of the testimony taken at the preliminary examination in the case . . . with the same force and effect as if the witnesses therein named were personally present in court, sworn and testified under oath accordingly." Both parties retained the right to call additional witnesses. The prosecutor called one additional witness, and defendant took the stand in his own behalf and denied any improper activity with the prosecutrix.

■ The Sixth Amendment's guarantee of a defendant's right "to be confronted with the witnesses against him" is made applicable to the states by the Fourteenth Amendment. (*Brookhart* v. *Janis,* 384 U.S. 1, 3-4 [16 L.Ed.2d 314, 316-317, 86 S.Ct. 1245]; *Pointer* v. *Texas,* 380 U.S. 400, 403 [13 L.Ed.2d 923, 925, 85 S.Ct. 1065]; *Douglas* v. *Alabama,* 380 U.S. 415, 418 [13 L.Ed.2d 934, 937, 85 S.Ct. 1074].) A defendant also has a statutory right to confrontation. (Pen. Code, § 686.) ■ In the present case there was no violation of this constitutional and statutory right. Defense counsel cross-examined the prosecutrix at the preliminary hearing, and any objection to the use of the preliminary hearing transcript at the trial was waived when defense counsel, in defendant's presence and without objection by him, joined in the stipulation regarding the use of that transcript. (*Symons* v. *Klinger,* 372 F.2d 47, 49-50 (cert. denied, 386 U.S. 1040 [18 L.Ed.2d 609, 87 S.Ct. 1499]); *Wilson* v. *Gray,* 345 F.2d 282-290 (cert. denied, 382 U.S. 919 [15 L.Ed.2d 234, 86

S.Ct. 288]); *People* v. *Dessauer,* 38 Cal.2d 547, 552 [241 P.2d 238]; *People* v. *Wallin,* 34 Cal.2d 777, 780-782 [215 P.2d 1]; *People* v. *Andrews,* 234 Cal.App.2d 69, 77-79 [44 Cal.Rptr. 94]; *People* v. *Davis,* 157 Cal.App.2d 33, 34 [320 P.2d 88]; *People* v. *Hart,* 121 Cal.App.2d 301, 302 [262 P.2d 865]; see *Silva* v. *Klinger,* 355 F.2d 657, 658; Witkin, Cal. Criminal Procedure (1963) pp. 346-347.)

Defendant asserts that the order committing him for a temporary period to Atascadero State Hospital is invalid because the court failed to comply with certain procedural requirements. (Welf. & Inst. Code, § 5501 et seq.) However, it is unnecessary to decide whether the court failed to comply with those requirements. The parties and the court apparently overlooked a provision in Welfare and Institutions Code section 5500.5 that excludes from the operation of the mentally disordered sex offender law "any person ineligible for probation under the Penal Code." Penal Code section 1203, as it then read, provided that "Probation shall not be granted to . . . any defendant convicted of . . . violation of [section] 288 . . . of this code . . . unless the court shall be satisfied that he has never been previously convicted of a felony in this state."[2]

As we have seen, the information charged defendant with a prior felony conviction in California of assault with a deadly weapon, and he denied the charge. However, on cross-examination he admitted that he had been previously convicted of the felony of assault with a deadly weapon. The probation report also states that he was convicted of that offense and was committed to San Quentin. The record contains conflicting recitals as to whether the court made any finding regarding the prior conviction,[3] but even if it were

[2]The mentally disordered sex offender proceedings in the instant case were commenced April 5, 1965. In 1965 a provision was added to Penal Code, section 1203 reading, "In unusual cases, otherwise subject to the preceding paragraph [which included the provision quoted above], in which the interests of justice would best be served thereby, the judge may, with the concurrence of the district attorney, grant probation." This provision, however, was not effective until September 17, 1965.

[3]The reporter's transcript shows that after the cross-examination of defendant the prosecutor stated that "counsel had agreed . . . to let the proof of [the] prior go over to the time of probation and sentence." The court stated that since there already had been testimony "the determination" could be made now or at the later time if the parties preferred. The parties stated they preferred the later time. The reporter's transcript of the probation and sentence proceedings does not show that the court then made any finding regarding the prior conviction, and the judgment recites, "no disposition having been made as to prior convic-

assumed that the court made no such finding, it seems clear that under the circumstances here present, the case comes outside the exception in section 1203, namely where the court is satisfied that the defendant "has never been previously convicted of a felony in this state." Accordingly, defendant was ineligible for probation and hence the court lacked authority to conduct the mentally disordered sex offender proceedings.

Had the court not conducted those proceedings defendant undoubtedly would have been sentenced to prison sooner than he was. He is therefore entitled to credit on his sentence for the time spent under the temporary and indeterminate commitment orders. (Cf. Pen. Code, § 1203.03; Welf. & Inst. Code, § 5517.)

The order determining Foster to be a probable mentally disordered sex offender and committing him to Atascadero State Hospital is vacated, and the judgment is affirmed.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.

---

tion." However, in the written statement required by Penal Code, section 1203.01 the trial judge and district attorney state in part, "After a court trial, [defendant] was found guilty as charged and the prior was found to be true."