Moses **POOLE**, Appellant,

v.

Cletus **J. FITZHARRIS**, Superintendent,
Appellee.

No. 20925.

United States Court of Appeals
Ninth Circuit.

June 12, 1968.

Russell E. Parsons (argued), Los
Angeles, Cal., for appellant.

Edward P. O'Brien (argued), Deputy
Atty. Gen., William D. Stein, Deputy
Atty. Gen., Thomas C. Lynch, Atty. Gen.,
Los Angeles, Cal., for appellee.

Before HAMLEY and ELY, Circuit
Judges, and CRARY, District Judge.

ELY, Circuit Judge:

Appellant is a California state prisoner
confined for an indeterminate period of
five years to life under a conviction of
the offense of first degree robbery. Cal.
Pen.Code §§ 211, 211a, 213. The state
preferred the original charge by informa-
tion, and a preliminary hearing was con-
ducted to determine the existence of
probable cause for detention and subse-
quent trial. Cal.Pen.Code § 860. Coun-
sel for the accused at this stage of the
proceedings was a deputy public defender
of Los Angeles County, California, and
during the preliminary hearing, he cross-
examined the victim of the alleged bur-
glary, the only witness produced by the
state for proof of probable cause. An-
other person, one Wesley, was accused of
having participated with appellant in the
same offense, and the record makes it
quite clear that Wesley was the principal
offender. A preliminary hearing was
conducted in his case also, and there was
cross-examination which developed some

inconsistency between the testimony given by the state witnesses in this hearing and that presented by the victim in the preliminary hearing in appellant's case.

Appellant subsequently employed an attorney of his own selection to represent him at the trial for which he had been held. Before the commencement of the trial, the prosecution offered to move for dismissal of the major charge against appellant if he would plead guilty to the offense of simple assault, one for which a maximum penalty of six months in the county jail is prescribed by California statute. Cal.Pen.Code § 241. Appellant's attorney strongly recommended that appellant enter the plea to the lesser offense. Appellant, however, refused to do so, steadfastly maintaining to his attorney that he was innocent of any participation in the event leading to the charges against him and Wesley. His attorney then agreed with the prosecution that the transcripts of testimony given at the preliminary hearings of appellant and of Wesley would be submitted to the court as the case for the prosecution, that the prosecution would thereby be spared the necessity of producing witnesses in person, and that testimony in defense might be offered in appellant's behalf. The appellant testified, offering an alibi in defense, and his mother and Wesley were also called as witnesses in his behalf. After hearing the argument of counsel, the state judge, sitting without a jury, found appellant guilty of the major crime which was charged. Thereafter the present proceedings were instituted in the District Court.

■ In presenting his grievances below, appellant proceeded by way of application for a writ of habeas corpus. 28 U.S.C. § 2241. He prepared his petition

himself, and the allegations presented were made inartfully and at times even crudely. Three of the points attempted to be made in the petition do not raise a federal question since they relate solely to questions of California law.[1] Moreover, the points have not been raised in the California courts; hence, the District Court properly refused to consider them. 28 U.S.C. § 2254; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

As to the remaining two points made in the petition, one hinted that the appellant was inadequately or incompetently represented by his retained counsel. The other point involved appellant's claim that there was a violation of his sixth amendment rights to confrontation with, and cross-examination of, his accuser. The District Court determined that an evidentiary hearing was required and appointed counsel for the appellant. Although it is clear that the court intended that the evidentiary hearing be directed principally at the issue of appellant's sixth amendment rights, broad latitude was afforded to appellant and his new attorney.[2]

■ The transcript of the testimony given at the evidentiary hearing consists of one hundred eighty-four pages. We have carefully reviewed it. It does not contain a word of testimony which would support a finding that appellant's attorney was incompetent or that his representation of appellant was inadequate. See Harders v. State of California, 373 F.2d 839, 841 (9th Cir. 1967). He was experienced in both the prosecution and defense of those accused of crime and had successfully represented appellant prior to the time when the appellant became involved in his present difficulty.

1. These contentions were: (1) That the court considered inadmissible hearsay testimony in reaching its decision, (2) that the conviction rested upon perjurious testimony, and (3) that appellant's conviction for aiding and abetting the offense of robbery was void because the state dismissed its case against the principal

offender after he pleaded guilty to another offense of the same gravity.

2. The court, on more than one occasion, expressly invited appellant's counsel, and appellant also, to present any testimony, and also any contention, which they desired to bring to the court's attention.

As to appellant's sixth amendment rights of confrontation and cross-examination, appellant's counsel very forthrightly admitted to the District Court that he had not fully explained to appellant the procedure under which he had waived the state's production of prosecuting witnesses and had agreed to submission of the preliminary hearing transcripts in lieu of such personal appearances. It is a fact, however, that the agreement under which appellant's counsel and the prosecution adopted such a procedure was recited in open court at a time when appellant was present. The District Court, in denying appellant's petition, cited Wilson v. Gray, 345 F.2d 282 (9th Cir.), cert. denied, 382 U.S. 919, 86 S.Ct. 288, 15 L.Ed.2d 234 (1965), with regard to this sixth amendment issue. There our court stated that "in the proper circumstances counsel for the accused may effectively waive certain rights of the accused during the course of his representation of the accused and as a matter of trial strategy or tactics." 345 F.2d at 288–289.

In this case, we are compelled to affirm not only because of Wilson v. Gray, but also because of our decision in Symons v. Klinger, 372 F.2d 47 (9th Cir.), cert. denied, 386 U.S. 1040, 87 S.Ct. 1499, 18 L.Ed.2d 609 (1967). These cases are directly applicable to the case before us, and they therefore control our determination.[3] We recognize, of course, that "where the circumstances are exceptional," a defense attorney is barred, absent the approval of the accused, from waiving sixth amendment rights in the manner in which they were waived in the case before us. Henry v. State of Mississippi, 379 U.S. 443, 451, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965); accord, Wilson v. Gray, 345 F.2d at 288–289. In view of the grave risk which the appellant here had assumed when he rejected the urging of his attorney to plead guilty to the relatively minor charge of simple assault, it is particularly unfortunate that the trial counsel did not at that time more carefully explain to his client the defense strategy to be employed.[4] It may be that the District Court would have been justified in finding that the circumstances of this particular case were "exceptional" and that its disposition therefore should not have been controlled by the general rule established in the cases we have mentioned. However, while the District Court made no express finding as to this issue, we must infer, in the light of denial of the writ, that a finding was made that there were no "exceptional circumstances" of such force as to impel departure from the usual rule. Even were we convinced that our conclusion, had we been in the position of the District Court, would have been to the contrary, we cannot hold, on the record before us, that the implied determination was clearly erroneous.

Affirmed.

---

3. We have considered the recent decision of the Supreme Court in Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed. 2d 255 (1968). That case involved a very different situation from that which is now before us. In *Barber* the defendant never agreed to, and at trial specifically objected to, the prosecution's use of the transcript of the testimony of one of the witnesses at the preliminary hearing.

4. The evidence in the District Court clearly established that in June 1959 the appellant was charged in the California courts with the crime of possessing marijuana. He was represented by the same attorney who represented him in the proceeding which he now attacks. On July 13, 1959, his attorney and the prosecutor followed substantially the same procedure as that which concerns us here. They agreed before the California trial court that the prosecution's case would be submitted to the court by production of the transcript of the preliminary hearing, with the reservation that each, if he desired, might produce additional evidence. On that occasion, the appellant was acquitted. The appellant's attorney was, it seems to us, reasonably justified in assuming that his client, because of the previous successful experience, was thoroughly familiar with the strategy again employed.