**Elias B. FOSTER, Petitioner-Appellant,**

v.

**Harold V. FIELD, Respondent-Appellee.**

**No. 23417.**

United States Court of Appeals
Ninth Circuit.

July 11, 1969.

Elias B. Foster, in pro. per.

Thomas C. Lynch, Atty. Gen. of Cal., Los Angeles, Cal., for appellee.

Before CHAMBERS and JERTBERG, Circuit Judges, and KILKENNY,* District Judge.

PER CURIAM:

Appellant, a prisoner of the State of California, appeals from an order of the United States District Court denying his petition for a writ of habeas corpus. Appellant was convicted of violating Sec. 288 of the Penal Code of the State of California [lewd or lascivious acts upon a child], with a prior felony conviction in California of assault with a deadly weapon. Trial was to the court sitting without a jury, a jury having been expressly waived as provided by law.

On appeal to the Supreme Court of the State of California, the judgment of conviction was affirmed. People v. Foster, 67 Cal.2d 604, 63 Cal.Rptr. 288, 432 P.2d 976 (1967). Appellant was represented by counsel both at his trial and on his appeal to the California Supreme Court.

We note the absence from the record on appeal of a certificate of probable cause. The record discloses that appellant requested the district judge to issue such a certificate, and likewise discloses the district court refused to do so, stating, *inter alia:*

"[I]t is the opinion of the Court that the proposed appeal is without merit and does not present a substantial

---

* Honorable John F. Kilkenny, United States District Judge for the District of Oregon, sitting by designation.

question. The Court declines to issue Certificate of Probable Cause."

28 U.S.C. § 2253 provides, in part, as follows:

"An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause."

Rule 22(b) of the Federal Rules of Appellate Procedure provides, in pertinent parts:

"[A]n appeal by the applicant for the writ may not proceed unless a district or a circuit judge issues a certificate of probable cause. If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of probable cause or state the reasons why such a certificate should not issue. * * * If no express request for a certificate is filed, the notice of appeal shall be deemed to constitute a request addressed to the judges of the court of appeals."

Appellant has made no request to this Court, or to the judges thereof, for a certificate of probable cause. Pursuant to Rule 22(b), we deem the notice of appeal filed in this case to be a request for such certificate. We have examined the record on appeal in this case, and agree with the district court that the appeal is without merit and that it does not present a substantial question. The implied application for a certificate of probable cause is denied, and the appeal dismissed.