[Crim. No. 15124. Second Dist., Div. Four. Nov. 6, 1969.]

THE PEOPLE, Plaintiff and Respondent, v.
RALPH HAROLD HARVATH, Defendant and Appellant.

## COUNSEL

Ralph Harold Harvath, in pro. per., and Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Jeffrey T. Miller, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**THE COURT.**—This is again before the court pursuant to an order of the Supreme Court made on October 22, 1969, granting appellant's petition for hearing, and re-transferring the case with specific directions.

An opinion prepared by Justice Jefferson, and concurred in by Presiding Justice Files and Justice Kingsley filed July 28, 1969, stated as follows: "Defendant was convicted by the court of two counts of contributing to the delinquency of a minor (Pen. Code, § 272), a lesser, included offense of the crime charged of committing lewd acts upon the body of a child under 14

(Pen. Code, § 288). Subsequently, criminal proceedings were suspended and proceedings were initiated to determine whether defendant should be committed as a mentally disordered sex offender (pursuant to Welf. & Inst. Code, § 5500 et seq.), which culminated in his commitment to Atascadero for an indefinite period. Thereafter, upon defendant's petition for a writ of habeas corpus, on June 15, 1967, this court, in *People* v. *Harvath,* 251 Cal. App.2d 780 [60 Cal.Rptr. 15], determined that defendant's commitment was void because of defects in the commitment proceedings. The orders under which he was committed were vacated and the matter was returned to the superior court for proceedings conducted in compliance with the Welfare and Institutions Code.

"Commitment proceedings were again initiated. The court appointed two doctors who examined defendant and filed reports. A hearing was held at which the two doctors tesified, along with several other doctors. On November 2, 1967, the court found defendant to be a probable mentally disordered sex offender and ordered him committed for the 90-day observation period. On January 22, 1968, the hospital authorities reported that defendant was no longer a danger to the health and safety of others; he was returned to court; criminal proceedings were re-instituted and, on February 21, 1968, the court placed him on three years' probation.

"Defendant appeals from the order granting probation which is treated as an appeal from a final judgment. (Pen. Code, § 1237, subd. 1.) He is entitled to have his conviction reviewed for error in this appeal, as well as the 1967 adjudication that he is a probable mentally disordered sex offender. (*People* v. *Austin,* 260 Cal.App.2d 658 [67 Cal.Rptr. 391].)

"With respect to the criminal proceedings, defendant questions whether the offense of which he was convicted (contributing to the delinquency of a minor), is a necessarily included offense in that charged in the information (that he committed lewd and lascivious acts upon the bodies of two children, (ages 8 and 11) in violation of Penal Code, section 288.) It is well established that the offense is a necessarily included offense. (*People* v. *Moody,* 216 Cal.App.2d 250, 254-255 [30 Cal.Rptr. 785]; *People* v. *Greer,* 30 Cal.2d 589, 600 [184 P.2d 521].)

"Defendant further questions whether the evidence established that the acts complained of occurred in Los Angeles County. Venue was established by the evidence which showed that the acts occurred in Venice. The courts may take judicial notice that Venice, a part of the City of Los Angeles, is in the County of Los Angeles. (*People* v. *Ford,* 133 Cal.App. 2d 695, 697 [284 P.2d 836].)

"Contrary to defendant's assertion, there was no fatal variance between the information, which alleged that the acts complained of

occurred on specific dates during the summer of 1963, and the proof which, according to the best recollection of the two children, happened sometime during their summer school vacation. The required showing that the variance prejudiced defendant's case is totally lacking. (See *People v. Brooks,* 133 Cal.App.2d 210, 212-213 [283 P.2d 748].)

"Nor is defendant in a position to urge the variance point here since it was not raised in the court below. (*People v. Barreras,* 181 Cal.App.2d 609, 615 [5 Cal.Rptr. 454].) And, for the same reason, we may not consider his further contention that the testimony of the victims as to uncharged prior similar acts was improperly admitted. (See *People v. Valdez,* 239 Cal.App.2d 459, 465 [48 Cal.Rptr. 840].)

"With regard to the 1967 civil commitment proceeding wherein defendant was found to be a probable mentally disordered sex offender and committed to the state hospital for the 90-day observation period, defendant raises two points: (1) That the proceeding was procedurally defective for lack of compliance with Welfare and Institutions Code, section 5505 and, (2) that the court erred in failing to accede to his demand for a jury trial.

"Taking the latter point first, the court below properly concluded that defendant was not entitled to have a jury decide the question whether he was a probable mentally disordered sex offender. (See *People v. Fuller,* 226 Cal.App.2d 331, 333-335 [38 Cal.Rptr. 25]; *People v. Berry,* 257 Cal.App.2d 731, 736 [65 Cal.Rptr. 125].)

"Defendant correctly contends that the commitment hearing was defective.

"Welfare and Institutions Code, section 5505 declares that: 'At the hearing each psychiatrist *shall hear the testimony of all witnesses,* and shall testify as to the result of his examination, and to any pertinent facts within his knowledge.' [Italics added.] The record shows that neither of the two court-appointed doctors was present in court prior to the time he testified and that neither remained following his testimony.

"The hearing consumed approximately six hours in trial time and extended over a three-day period. The two court-appointed doctors both testified that thay were of the opinion defendant was a probable mentally disordered sex offender. Five other doctors testified at the hearing: Two were of the opinion that defendant was not a probable mentally disordered sex offender; two reached a contrary opinion; the fifth was not asked for an opinion. Whether the opinions of the court-appointed doctors would have been influenced by their exposure to the testimony of the other doctors, is of course a matter for conjecture. It cannot be said, however, that such

exposure could have had no bearing on their diagnoses. Under the circumstances presented, the failure of the court appointed doctors to hear the testimony of the other witnesses rendered the proceeding fatally defective.

"Although defendant is no longer confined under that order, the matter is not moot since he is entitled to clear his name of the finding that he is a probable mentally disordered sex offender. Had the statute been complied with, it is conceivable that the court-appointed doctors might have reached a different conclusion as to defendant's mental state which, in turn, might have had the corresponding effect of influencing the court to reach the same result. (See *People* v. *Succop*, 67 Cal.2d 785, 790 [63 Cal.Rptr. 569, 433 P.2d 473].)

"Looking again to the criminal proceedings, defendant was placed on three years' probation for the two section 272 violations. Defendant contends that the court had no jurisdiction to place him on probation. His argument is that, since the maximum term of confinement for a violation of section 272 is one year in the county jail and he has already spent more than three years confined under the invalid civil commitment orders (see *People* v. *Harvath, supra,* 251 Cal.App.2d 780), he is entitled to credit against any criminal sentence for the time so served. (*People* v. *Foster,* 67 Cal.2d 604, 608 [63 Cal.Rptr. 288, 432 P.2d 976].) He cites *People* v. *Berry, supra,* 257 Cal.App.2d 731, 738-739, for the proposition that the only action the trial court could properly have taken was to impose a jail sentence and then discharge him as having served the sentence imposed.

"In *Berry,* after the defendant had spent nearly two years under a civil commitment, the trial court reinstituted criminal proceedings, imposed a six-month jail sentence, then made an order suspending the sentence and placed defendant on probation for three years. The appellate court pointed out that Berry was entitled to an immediate discharge following the imposition of the jail term. Since he had credit for more time than the sentence which was imposed, there was nothing to suspend and thus no basis for the grant of probation.

"In the case at bench defendant has never been sentenced. Section 272 authorizes punishment by a fine not exceeding $1,000 or imprisonment in the county jail for not more than one year or both. If the trial court had sentenced defendant to imprisonment in the county jail, the time credited would have made it unnecessary to serve any further time in jail. But there is no provision for crediting the time spent at Atascadero against a fine. Hence there remained a potential punishment which could have been imposed on defendant at the time he was arraigned for judgment.

"Since the trial court had jurisdiction to pronounce a judgment of fine in

addition to (or in lieu of) imprisonment, the order granting probation, in lieu of judgment, was a proper order. If revocation of probation should occur, the trial court will be aware of the law which gives credit for the prior confinement.

"The order of November 2, 1967, determing defendant to be a probable mentally disordered sex offender and committing him to Metropolitan State Hospital is vacated; the judgment (order granting probation) is affirmed."

Thereafter appellant petitioned the Supreme Court for a hearing. On October 22, 1969, the Supreme Court made the following order:

"2nd Crim. No. 15124

"In The Supreme Court of The State of California

IN BANK

People v. Harvath

"Appellant's petition for hearing granted; the cause is transferred to this court and retransferred to the Court of Appeal, Second District, Division Four. That court is directed, after making appropriate modification in the text of its opinion, to refile the same with the following dispositive order: The order of November 2, 1967, determining defendant to be a probable mentally disordered sex offender and committing him to Metropolitan State Hospital is vacated; the order granting probation is reversed and the cause is remanded to the trial court with directions to reconsider the matter of appellant's probation and, as to the term of any probation granted, to allow appellant full credit for time served by him under the invalid commitment orders, and thereafter to issue an order in conformity with its determination.

|  |  |
|---|---|
|  | Traynor, |
|  | Chief Justice, |
|  | Peters, |
|  | Justice, |
|  | Tobriner, |
|  | Justice, |
|  | Mosk, |
|  | Justice, |
|  | Sullivan, |
|  | Justice" |

Now therefore, pursuant to the direction of the Supreme Court, it is ordered: The order of November 2, 1967, determining defendant to be a

probable mentally disordered sex offender and committing him to Metropolitan State Hospital is vacated; the order granting probation is reversed and the cause is remanded to the trial court with directions to reconsider the matter of appellant's probation and, as to the term of any probation granted, to allow appellant full credit for time served by him under the invalid commitment orders, and thereafter to issue an order in conformity with its determination.