[Crim. No. 804. Fifth Dist. Aug. 25, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
LARRY DEAN HOBBS, Defendant and Appellant.

COUNSEL

Michael Korn, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Jack R. Winkler and Eddie T. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**COAKLEY, J.**—Appellant was found guilty of burglary, second degree, and sentenced to prison. He does not contend that the evidence is insufficient to sustain his conviction. Thus, there is no occasion to discuss the facts of the burglary.

When arraigned in superior court on June 3, 1969, appellant pleaded not guilty. On July 15, appellant and his attorney, the public defender, were present in court for a "Special Hearing on Defendant's Motion to Waive Trial by Jury." The appellant expressly waived his right to trial by jury. ■ Thereupon the district attorney and the public defender stipulated that the matter be tried to the court on the preliminary transcript and the People's fingerprint exhibits. Appellant reserved the right to offer testimony. Both parties reserved the right to present argument. The stipulation was approved by the court.

Though present when the stipulation was made and approved, the appellant did not speak to that subject, i.e., he neither expressly joined in nor objected to the stipulation.

When the case was called for trial to the court, on July 17, with appellant present, defense counsel again stated that the matter was to be submitted on the transcript, plus the two exhibits which were introduced at the preliminary hearing, and with appellant reserving his right to testify. Again, appellant was silent. Appellant then testified on his own behalf. The matter was argued and submitted, and appellant was found guilty.

Appellant was present throughout the preliminary hearing. He did not testify at that hearing. The operator of the burglarized store, an investigator, and a fingerprint expert employed by the Kern County Sheriff's Department testified for the prosecution. Fingerprints lifted from the cash register coin tray of the burglarized store were positively identified as those of the appellant. Exhibits 1 and 2 were introduced in support of this identification.

The prosecution witnesses were cross-examined, extensively, by defense counsel.

The sole issue is whether appellant's failure to expressly join in his attorney's stipulation as to the scope and nature of the trial in the superior court constitutes a valid waiver of his Sixth Amendment right to confront witnesses.

The question is fully answered, adversely to appellant, in *People* v. *Foster,* 67 Cal.2d 604, 606-607 [63 Cal.Rptr. 288, 432 P.2d 976], wherein the court held: "The Sixth Amendment's guarantee of a defendant's right 'to be confronted with the witnesses against him' is made applicable to the states by the Fourteenth Amendment. [Citations.] A defendant also has a statutory right to confrontation. (Pen. Code, § 686.) In the present case there was no violation of this constitutional and statutory right. Defense counsel cross-examined the prosecutrix at the preliminary hearing, and any objection to the use of the preliminary hearing transcript at the trial was waived when defense counsel, in defendant's presence and without objection by him, joined in the stipulation regarding the use of that transcript. [Citations.]"

In *People* v. *Dessauer,* 38 Cal.2d 547 [241 P.2d 238] (cert. denied 344 U.S. 858 [97 L.Ed. 666, 73 S.Ct. 96]), wherein the defendant was convicted of first degree murder following trial under procedures substantially the same as those herein, the court, in a unanimous decision, rejected the identical argument presented herein and held at page 552: "The right to be confronted by witnesses, whether assured by Constitution or statute, may be waived, and a trial may be had on the transcript of the evidence taken at the preliminary hearing on stipulation by defendant and his counsel (*People* v. *Wallin,* 34 Cal.2d 777 [215 P.2d 1]), *or by the latter's stipulation, at least when made in defendant's presence.*" (Italics added.) (See also: *Poole* v. *Fitzharris* (9th Cir. 1968) 396 F.2d 544, 546; *Symons* v. *Klinger* (9th Cir. 1967) 372 F.2d 47, 49-50; *People* v. *Hart,* 121 Cal.App.2d 301 [262 P.2d 865].)

We have examined all of the other cases cited in appellant's brief. Each is clearly distinguishable and requires no discussion.

We have also examined certain recent cases, not cited in the briefs, which deal directly or indirectly with the issue raised in this case. They are: *Brookhart* v. *Janis* (1966) 384 U.S. 1 [16 L.Ed.2d 314, 86 S.Ct. 1245]; *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl,* 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449]; *In re Mosley,* 1 Cal.3d 913 [83 Cal.Rptr. 809, 464 P.2d 473].

*Boykin* and *Tahl,* both death penalty cases, are distinguishable upon the ground that they involved guilty pleas without proof that such pleas were intelligently and voluntarily made. *Brookhart* is distinguishable upon the grounds that (1) the Ohio procedure under which appellant was found guilty was held to be tantamount to a plea of guilty, and (2) when his attorney consented to submit the case for decision pursuant to such procedure, the appellant immediately informed the court that he was not pleading guilty. Nevertheless, his attorney again said that the case should be heard under the procedure which the United States Supreme Court struck down in that case as constituting a denial of the defendant's Sixth Amendment right to confront the witnesses against him.

In *Mosley,* defense counsel, in appellant's presence and without objection from appellant, stipulated that the case be tried on the transcript of the preliminary hearing. Unlike in our case, Mosley did not testify. Nor were any other witnesses examined in the superior court. From the opinion of the Supreme Court, it appears that the only witness examined at the preliminary hearing, or at least the only witness who testified to the facts of the assault, was the defendant's minor son who acknowledged that he felt his father should be punished.

In holding that the stipulation to submit the case on the transcript of the preliminary examination was "tantamount to a plea of guilty and was a purported waiver of the whole panoply of [defendant's contitutional] rights," the court was careful to point out in footnote 9 on pp. 924-925 of its opinion that: "Reference to the facts of the particular case is necessary. We can conceive of many cases wherein submission on the transcript of the preliminary examination would in no way have the practical effect of a guilty plea. Purely by way of example and without intending any limitation, we include among these the following: (1) a case wherein the preliminary examination involved substantial cross-examination of prosecution witnesses and the presentation of defense evidence and (2) a case wherein the facts revealed at the preliminary examination are essentially undisputed but counsel seeks to make an argument to the court as to the legal significance to be accorded them." The court made this further observation on page 927: "We do not hold in this case that a defendant's submission of his case to the trial court on the transcript of the preliminary examination is *ipso facto* tantamount to a plea of guilty. As we have pointed out (fn. 9, *ante,* and accompanying text), there are many instances in which such submission would *not* have the same practical effect as a guilty plea."

This is such a case. The testimony of the three prosecution witnesses, who were extensively cross-examined at the preliminary hearing, together with the fingerprint exhibits and testimony, standing alone, established more

than probable cause. Such testimony was sufficient to prove guilt beyond a reasonable doubt when offered in the superior court. In addition, appellant, testifying in superior court, acknowledged that he had been in the burglarized market many times, knew the proprietor, and that he had burglarized the store about 10 years before the instant burglary. He offered no alibi and produced no witnesses. He simply denied that he committed the offense charged.

It is patent that what transpired in this case was not "tantamount to a plea of guilty," and, therefore, not within the orbit of recent cases so holding.

The judgment is affirmed.

Stone, P. J., and Gargano, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 10, 1970.