[Crim. No. 18332. Second Dist., Div. Four. Mar. 12, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
ARTHUR LEONARD GIRARD, Defendant and Appellant.

**COUNSEL**

Don Edgar Burris, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Glenn D. Taylor, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**KINGSLEY, J.**—On November 16, 1967, defendant was found guilty of possession of marijuana, in violation of section 11530 of the Health and Safety Code. On December 4, 1967, his application for probation was denied and he was sentenced to state prison. He appealed and, on December 16, 1968, this court affirmed the conviction. (*People* v. *Girard,* Crim. No. 14661—not published.) No petition for rehearing or for hearing in the Supreme Court was filed. Thereafter a petition on his behalf for writ of habeas corpus was filed in the Supreme Court, resulting in an order of that court, dated October 22, 1969 (Crim. No. 13631), reading as follows:

"Upon consent of the Attorney General, petitioner is remanded to the Superior Court of Santa Barbara County to permit that court to sentence him under section 11530 of the Health and Safety Code as a misdemeanant if its discretion so indicates. The order to show cause heretofore issued is discharged and the petition for writ of habeas corpus is denied.

"This order is final forthwith."

The Attorney General's consent was based on his concession that defendant was entitled, under *People* v. *Francis* (1969) 71 Cal.2d 66 [75 Cal. Rptr. 199, 450 P.2d 591], to have the trial court consider whether or not he should be resentenced as a misdemeanant.[1]

The trial court, in obedience to the above quoted order, directed the return of defendant from state prison, appointed counsel for him, and ordered "an additional probation report." At the hearing, the probation officer made an oral supplementary report, the matter was discussed at some length among the probation officer, the attorneys and the judge, culminating in the following statement by the court:

"THE COURT: I am going to simply not take any action except this: I am going to remand the defendant to the Sheriff who is directed to return him to Soledad. I am going to write to the Adult Authority and advise them of the termination of these proceedings, . . ."

The Clerk's minutes translate that statement into the following minute entry: "Upon completion of arguments by counsel, the Court denied the vacation of the Judgment."

Defendant has appealed "from the judgment and sentence"; we affirm.

---

[1]Since the transcripts originally filed on this appeal did not contain the history of the case, we have augmented the record by an examination of the original superior court file and by an examination of the Supreme Court file in its case Crim. No. 13631.

## I

█ Although the appeal is denominated as being one from the "judgment and sentence," it is, as we indicate below, actually from an order after judgment denying a motion to vacate.[2] As such it is a lawful appeal under subdivision 2 of section 1237 of the Penal Code.

## II

If we understand him, defense counsel is here contending that the trial court was required to vacate the original sentence, re-arraign defendant, and pronounce a new sentence—albeit one identical with the one pronounced in 1967. We cannot agree. Admittedly, the court has discretion to reduce or not to reduce the original sentence. Had it felt impelled to grant a reduction, vacation of the original judgment would, of course, have been required as the first step in accomplishing that objective. But where, as here, the court has decided to exercise its discretion against reduction, there is neither reason nor rule that requires a useless proliferation of orders. The trial court adopted a sensible and proper procedure in simply ordering the original sentence to remain in force.

## III

█ Defendant objects that the probation officer was allowed to make an oral, in place of a written, supplementary report. No objection was made to the procedure followed. Assuming that section 1203 of the Penal Code and *People* v. *Rojas* (1962) 57 Cal.2d 676 [21 Cal.Rptr. 564, 371 P.2d 300], were applicable,[3] those requirements are waivable. No one objected to the form of the report or to failure to observe the two-day notice provision. It is too late to object at this stage of the proceeding.

## IV

Defendant had argued that the Adult Authority had unjustifiably denied him parole consideration because his case was still pending for the proceedings now under review. Although that was not an issue before the court under the Supreme Court order, the court did, voluntarily, write to the Authority urging it to give defendant prompt parole consideration; we cannot see how that act of grace prejudiced defendant.

---

[2] In view of the express mandate of the Supreme Court order above quoted, we do not consider the possible effect, in other cases, of section 1265 of the Penal Code on such a motion in the trial court.

[3] The briefs argue whether or not *Rojas* applies to a case such as that at bench. (Cf. *People* v. *Keller* (1966) 245 Cal.App.2d 711 [54 Cal.Rptr. 154].) In the view we take of the trial court proceedings, it is unnecessary for us to consider that issue and we express no opinion thereon.

On this appeal defendant also objects to the fact that the court indicated that it thought the Adult Authority was better fitted to pass on an immediate release than was the court. We cannot say that that was not a proper matter for it to consider in exercising its discretion.[4]

In brief: Defendant was given a fair hearing by the trial court on the issue placed before it by the Supreme Court; the court acted within permissible limits of its discretion in declining to reduce the original sentence; its order was proper and must be affirmed.

The order (denominated "judgment and sentence" in the notice of appeal) is affirmed.

Jefferson, Acting P. J., and Dunn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 6, 1971.

---

[4]Had the court reduced the offense to a misdemeanor, the maximum term of imprisonment would have been one year—either as a straight sentence or as a sentence for violation of probation; defendant had already served more than that amount of time. Hence, reduction to a misdemeanor would have resulted in defendant's immediate release without effective supervision. (Cf. *People* v. *Harvath* (1969) 1 Cal.App.3d 521 [82 Cal.Rptr. 48].) We cannot say that the trial court necessarily erred in believing that a prison sentence, with possible release under parole supervision, was more appropriate in light of defendant's past history of criminal involvement.