[Crim. No. 12323. First Dist., Div. Three. June 12, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
CHESTER C. FEAGLEY, Defendant and Appellant.

COUNSEL

Stephen L. Katz for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Robert R. Granucci and W. Eric Collins, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**DRAPER, P. J.**—Appellant is described in a probation report as a "rather pathetic, guarded, defensive man who has an obsessional ritualistic pattern of snipping hair" from the heads of young girls. The report shows a num-

ber of prior convictions for offenses stemming from his hair fetishism. He was charged in this case with two counts of child molesting (Pen. Code, § 647, subd. (a)), and pleaded guilty to one count of misdemeanor battery (Pen. Code, § 242), agreed to be a lesser included offense. Appellant was found to be a mentally disordered sex offender and was committed to the department of mental hygiene. After some 1,000 days of such hospitalization, he was returned to the court as one who would not benefit from further treatment but was not a menace to the health and safety of others. The criminal proceeding was resumed, imposition of sentence was suspended and he was admitted to probation for five years, upon condition that he refrain from use of intoxicating liquor, from association with any minor under the age of 18, and participate in a treatment program recommended by the probation officer. Treating the order admitting him to probation as a judgment (Pen. Code, § 1237), Feagley appeals.

▇ The issue is whether the court had power to impose probation upon appellant on a criminal charge under these circumstances. By statute, "the time . . . spent under indeterminate commitment as a mentally disordered sex offender shall be credited in fixing his term of sentence." (Welf. & Inst. Code, § 6325.) But the maximum penalty for battery, the crime of which appellant stands convicted, is imprisonment in the county jail for six months, a fine of $1,000, or both (Pen. Code, § 243).

It is apparent that if appellant had been sentenced to the maximum six months' jail term, with execution of that sentence suspended, the order would be void because the credit against the sentence was far more than its duration. (*People* v. *Berry,* 257 Cal.App.2d 731, 738-739 [65 Cal.Rptr. 125].)[1]

Here, however, no sentence was imposed. Rather, imposition of sentence was suspended for the period of probation. It is apparent that, insofar as incarceration is concerned, the probation order is completely toothless. If appellant is found to have violated the conditions of probation, the credit to which he is entitled will bar any sentence to jail.

But the maximum penalty for battery permits a fine of not to exceed $1,000. No time credit due appellant bars imposition of a fine if probation terms be violated (see *People* v. *Harvath,* 1 Cal.App.3d 521, 526-527 [82 Cal.Rptr. 48]). Thus probation does serve the purpose of reserving

---

[1]In a separate appeal, defendant has challenged the validity of his indeterminate commitment as a mentally disordered sex offender. But the result of that appeal will not affect this appeal, since he was entitled to credit under section 6325 even if the commitment were invalid. (*People* v. *Foster,* 67 Cal.2d 604, 609 [63 Cal.Rptr. 288, 432 P.2d 976]; *People* v. *Berry, supra,* at p. 738.)

to the court the right to impose a penalty, albeit wholly financial, in the event of a probation violation. We recognize, as will the trial court, that appellant cannot be imprisoned for failure to pay the fine if payment is financially impossible for him (*Williams* v. *Illinois,* 399 U.S. 235 [26 L. Ed.2d 586, 90 S.Ct. 2018]; *In re Antazo,* 3 Cal.3d 100 [89 Cal.Rptr. 255, 473 P.2d 999]). Appellant apparently had established indigency at the time this prosecution was initiated, since he was represented throughout by court-appointed counsel. Whether this condition will continue through the probation period is uncertain. But measures alternative to incarceration are available to collect fines (see *In re Antazo, supra,* at p. 114), and the threat of such a penalty may serve, in some degree, to decrease the chances of probation violation.

We conclude that the trial court has power to prescribe probation with the foregoing limitation of sanctions.

█ The five-year term of probation is, however, overlong. The maximum term of probation on a misdemeanor conviction is three years (Pen. Code, § 1203a; Witkin, Cal. Crimes, pp. 1010-1011). Respondent relies on the statute (Welf. & Inst. Code, § 6325) governing probation for a mentally disordered sex offender returned to the court as not cured but not a menace. It provides that the court "may place the person on probation for a period of not less than five years *if the criminal charge permits such probation* and the person is otherwise eligible for probation." (Italics added.) Respondent argues that the section mandates a minimum five-year period of probation, whatever the maximum period would otherwise be. Neither party cites, and we are unable to find, any decision upon the point. But to adopt respondent's construction would be to ignore the word "such" in the clause italicized in the above quotation. This clause immediately follows the words "probation for a period of not less than five years." If the word "such" is to be given any meaning, it qualifies the five-year requirement by directing it only when the criminal charge "permits" so long a probation period. A cardinal rule of construction requires that we give effect to all language of a statute. Hence we hold that the maximum period of probation which may be imposed upon appellant is that provided by section 1203a—three years.

There is another question as to the term of probation, although not raised by the parties (see *People* v. *Harvath, supra,* 1 Cal.App.3d 521). Harvath was convicted of contributing to the delinquency of a minor, committed to a hospital as a mentally disordered sex offender, and, after more than the maximum term for his offense, returned to court as no longer a menace to others. He was placed on probation for a term of

three years, and appealed. The decision recognized the bar to incarceration, but relied upon the availability of fine to give some sanction to the probation order. It affirmed the order granting probation, stating that "If revocation of probation should occur, the trial court will be aware of the law which gives credit for the prior confinement." (P. 527.) The Supreme Court granted hearing, retransferred the cause to the Court of Appeal and, by minute order dated October 22, 1969, directed it to hold that "the order granting probation is reversed and the cause is remanded to the trial court with directions to reconsider the matter of appellant's probation and, as to the term of any probation granted, to allow . . . full credit for time served by him under the invalid commitment orders . . . ." (1 Cal.App.3d at p. 528.) The Supreme Court order might be construed to mean that the period of probation should be shortened by the credit allowed under section 6325. The more reasonable interpretation, however, is that the high court intended only to have the probation order make clear that, because of this credit, no incarceration could be imposed in the event of revocation of probation. Unquestionably, the Supreme Court recognized the propriety of probation, even though a fine was the only penalty which could be imposed upon revocation.

The order granting probation, treated as a judgment, is reversed and the cause is remanded to the trial court with direction to admit appellant to probation for a term of not to exceed three years, but making clear that the credit for hospital time exceeds the maximum criminal penalty, and that no incarceration may be ordered if probation terms be violated.

Brown (H. C.), J., and Devine, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 12, 1974.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.