[No. F005632. Fifth Dist. Jan. 17, 1986.]

In re ANGEL E., a Person Coming Under the Juvenile Court Law.
T. GLEN BROWN, as Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
ANGEL E., Defendant and Appellant.

**Counsel**

Peter C. Carton, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and W. Scott Thorpe, Deputy Attorney General, for Plaintiff and Respondent.

**Opinion**

**BEST, J.**—When payment of restitution is a condition of a probationary order of the juvenile court, may the ward's probation be revoked upon his failure to make restitution payments as ordered?

Absent a showing of the ward's wilful failure to make restitution payments, we will hold that the answer is "No."

## The Case

In 1982, two different burglary petitions were sustained against minor and he was ordered to pay restitution in the total sum of $285.24. Minor failed to submit any payment. Many attempts were made in 1984 to persuade minor to honor his restitution obligations, all of which failed.

A supplemental petition filed on October 31, 1984, alleged that minor came within the provisions of Welfare and Institutions Code section 777, subdivision (a),[1] in that he violated probation by failing to pay restitution as previously ordered by the court.

Ultimately, Angel admitted the allegations of the supplemental petition, and he was committed to the California Youth Authority (CYA) for a period not to exceed four years, less four hundred fifty-seven days credit.

## Discussion

In 1982 at the time the restitution order herein was made, section 731 authorized the juvenile court to order a ward to pay restitution as part of his rehabilitation. (See also §§ 729.6 and 730.6 added by Stats. 1983, ch. 940, §§ 3 and 4, respectively.)

■ While juvenile court proceedings are not criminal proceedings (§ 203), "the ' "civil" label-of-convenience' (*In re Gault*, 387 U.S. 1, 50 [18 L.Ed.2d 527, 558, 87 S.Ct. 1428]) cannot obscure the quasi-criminal nature of juvenile proceedings, involving as they often do the possibility of a substantial loss of personal freedom." (*Joe Z.* v. *Superior Court* (1970) 3 Cal.3d 797, 801 [91 Cal.Rptr. 594, 478 P.2d 26]; *In re Brian S.* (1982) 130 Cal.App.3d 523, 529, fn. 2 [181 Cal.Rptr. 778].) As in *In re Brian S.*, for purposes of our discussion, the restitution order must be deemed part of the quasi-criminal nature of juvenile proceedings. (*Ibid.*)

■ Since a possible result of a supplementary proceeding under section 777 is that of commitment to CYA (as, indeed, happened in the instant case), the proceeding must meet the constitutional due process standards of criminal proceedings. (*In re Donna G.* (1970) 6 Cal.App.3d 890, 894 [86 Cal.Rptr. 421].) Section 777 requires the supplemental petition to contain ". . . a concise statement of facts sufficient to support the conclusion that the previous disposition has not been effective in the rehabilitation or protection of the minor."

---

[1]All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

The only facts alleged in the instant supplemental petition were that Angel had failed to pay restitution in the amount of $285.24 by August 14, 1984, as previously ordered by the court.

At the dispositional hearing held on April 24, 1985, the juvenile judge stated: "The Court: Well, I believe that one has to earn trust. What Angel has done here, and his background is committing two burglaries that we know of—he has failed to pay restitution and he failed to report to his probation officer. He failed to appear for a revocation hearing that was scheduled that he was aware of. He finally gets caught prowling on school grounds. He has done poorly in school and he's been to the Kern Youth Facility twice and Camp Irwin Owen once. Because of assault of [*sic*] conduct at Camp Owen they don't want him back up there. With that kind of background Angel, you have not earned the trust of this Court to give you the kind of chance that you are asking for here."

In committing Angel to CYA it is apparent the court relied on many factual matters which were not alleged in the supplemental petition nor adjudicated, e.g., (1) "he failed to report to his probation officer," (2) "He failed to appear for a revocation hearing that was scheduled that he was aware of," (3) "He finally gets caught prowling on school grounds," (4) "He has done poorly in school," and (5) "Because of assault of [*sic*] conduct at Camp Owen . . . ." This was error. While these matters were contained in the probation officer's reports, "if the court were to consider the *facts* contained in those reports, due process, and section 777, require that they be at least summarized in the petition and regularly proven at the hearing." (*In re Donna G., supra,* 6 Cal.App.3d at p. 895.)

In support of the CYA commitment, plaintiff lists as a proper factor for the court's consideration the fact that "three separate Camp Erwin Owen spokesmen 'emphatically requested that the minor not be considered for a second commitment there, as he was considered assaultive, possessing limited intelligence and believed to be gang oriented.'" However, not only were these matters not set forth in the supplemental petition, there was no factual basis in the probation report or anywhere in the record upon which the juvenile court could rely to accept the opinion that minor was assaultive, of limited intelligence and gang oriented. Indeed, although the probation officer also believed the minor was prone to involvement in gang activity, he conceded that "[t]hus far, there is no documented evidence to support this opinion."

Plaintiff also relies on the probation officer's conclusion in his report stating, "It is this officer's opinion that the minor has learned little or nothing from counseling and supervision provided by agencies, institutions, and

individuals on the county level during what has already been a lengthy period of probationary status. Angel continues to exhibit contempt and disregard for court orders and is suspected of ongoing delinquent activity, including street gang involvement." Again, there is no factual basis for the probation officer's suspicion of ongoing delinquent activity, to the extent he refers to criminal conduct if committed by an adult, or gang involvement. As to the former, it appears that the juvenile court may have relied on the probation officer's speculation. In stating grounds for the CYA commitment, the court stated, "[minor's] background is committing two burglaries *that we know of* . . . ." Since no facts were established to support the probation officer's suspicions, it was improper for the court to rely on them.

■ It thus appears that the only factual finding which could arguably support the section 777 adjudication and the subsequent commitment of Angel to CYA was his failure to pay restitution as previously ordered by the court.

Subdivision (e) of section 730.6 provides in pertinent part: "However, probation shall not be revoked for failure of a person to make restitution pursuant to Section 729.6 as a condition of probation unless the court determines that the person has willfully failed to pay or failed to make sufficient bona fide efforts to legally acquire the resources to pay." In the instant case, there was no finding by the juvenile court that Angel "has willfully failed to pay or failed to make sufficient bona fide efforts to legally acquire the resources to pay" restitution as ordered.[2]

■ Furthermore, even absent subdivision (e) of section 730.6, without a finding that the failure was willful, a finding that Angel violated his probation by failing to pay restitution as ordered and his subsequent commitment to CYA for that reason would be violative of the equal protection clause of the Fourteenth Amendment. "An indigent defendant cannot be imprisoned because of his inability to pay a fine, even though the fine be imposed as a condition of probation." (*People* v. *Kay* (1973) 36 Cal.App.3d 759, 763 [111 Cal.Rptr. 894, 73 A.L.R.3d 1235], citing *In re Antazo* (1970) 3 Cal.3d 100, 116 [89 Cal.Rptr. 255, 473 P.2d 999].)

---

[2]Even if we were to accept plaintiff's contention that the minor had the burden of proving both a bona fide effort to pay the restitution and indigency, the only evidence before the juvenile court sufficiently established both requirements. The probation officer's report indicates the minor explained his unsuccessful efforts at obtaining employment. Also, minor apparently established indigency at the inception of the juvenile court proceedings since he was represented by the public defender below and by appointed counsel on appeal. (See *People* v. *Feagley* (1974) 39 Cal.App.3d 772, 775 [114 Cal.Rptr. 663].) No evidence was presented to rebut either showing.

In this context, an order to pay restitution as a condition of probation is no different than an order to pay a fine. (See *In re Brian S., supra,* 130 Cal.App.3d 523, 532.)

By admitting the allegations of the supplemental petition Angel admitted only the factual allegation that he had failed to pay restitution as previously ordered by the court. As we have noted, this admission was legally insufficient to support a finding that he had violated the terms of his probation. The additional factual matters relied upon by the court to support its order committing Angel to CYA were neither alleged in the supplemental petition nor adjudicated.

Under these circumstances, the order sustaining the section 777 petition must be, and is, set aside and the commitment order appealed from is reversed.

Martin, Acting P. J., and Hamlin, J., concurred.