8 Cal.App.4th 1689 (1992)
11 Cal. Rptr.2d 285
In re LAURA H., a Person Coming Under the Juvenile Court Law.
ORANGE COUNTY SOCIAL SERVICES AGENCY, Plaintiff and Respondent,
v.
DORA C., Defendant and Appellant.
Docket No. G012021.
Court of Appeals of California, Fourth District, Division Three.
August 26, 1992.
*1691 COUNSEL
Stephen S. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.
Terry C. Andrus, County Counsel, Michelle Palmer and Michelle Ben-Hur, Deputy County Counsel, for Plaintiff and Respondent.
Harold LaFlamme and Karen Sawyer Cianfrani, under appointments by the Court of Appeal, for Minor.
[Opinion certified for partial publication.[*]]
OPINION
MOORE, J.
Dora C. (appellant), the mother of Laura H. (minor), appeals from orders terminating her parental rights and finding minor adoptable. We conclude appellant's rights under Welfare and Institutions Code section 350, subdivision (b)[1] were denied during in camera questioning of the minor and reverse.

*1692 PROCEDURAL HISTORY
On November 2, 1989, a dependency petition was filed pursuant to section 300, subdivision (b) alleging that appellant had failed to protect minor from abuse.[2] Minor was detained and placed with her maternal aunt and uncle. A default was ultimately entered against minor's father, whose whereabouts were unknown, and appellant pleaded nolo contendere to the dependency petition. The status quo was maintained at the six-month review hearing on October 22, 1990, and at the twelve-month review on May 3, 1991, appellant and her attorney entered into a stipulation terminating reunification services and setting the matter for a section 366.26 selection and implementation hearing.
At the section 366.26 hearing, minor testified in camera but appellant's counsel was not present. The court terminated appellant's parental rights, found minor adoptable, and ruled that adoption was the least detrimental alternative. This appeal followed.

FACTS
Minor's father left near the time of her birth, and, when minor was one year old, appellant moved in with Dennis C. Minor became a dependent child after she was physically abused by Dennis C. and was detained out of appellant's home for three and one-half years. After her return, she remained in appellant's home for one year before she was again detained and declared a dependent child due to further abuse by Dennis C. Appellant did not contest the allegation that she had failed to protect minor from Dennis C.
At the selection and implementation hearing, the social workers' reports indicated minor was conflicted about her living situation and professed strong feelings toward both the prospective adoptive parents, her maternal aunt and uncle, and appellant. Though minor appeared to favor adoption by her maternal aunt and uncle, she also indicated to a psychologist that "I just can't make up my mind," and, according to that psychologist, was being forced to make a decision with potentially traumatic emotional consequences.
In order to resolve the situation, the court proposed that minor, who was then nine years old, testify in camera pursuant to section 350, subdivision (b). However, the court indicated that only minor and her counsel would be *1693 present, along with a court reporter. Appellant's counsel did not object to this procedure.[3]
During questioning by the court and minor's attorney, minor testified she wanted to live with her maternal aunt and uncle and expressed a desire not to live with appellant and Dennis C. However, minor indicated she wanted to stay in touch with her half siblings and stated she still loved appellant.
Appellant testified she did not object to minor staying with her maternal aunt and uncle until she was 16 or 18 years old when she could decide for herself where she wanted to live. However, appellant was against adoption and favored guardianship. Other members of appellant's family felt similarly. After reviewing minor's in camera testimony, appellant indicated minor was an accomplished liar and believed minor's testimony would have been different had she been present and able to look minor in the eye.

I. Parent's Right to Counsel at the In Camera Hearing

(1a) Appellant contends she was denied the right of confrontation by the fact her counsel was not present at the in camera hearing. We agree. Section 350, subdivision (b), section 366.26, subdivision (g), and California Rules of Court, rule 1412(c) provide that minor's testimony may be taken in chambers outside of the presence of minor's parent or parents if the parent or parents are represented by counsel and their counsel is present.[4] There is no provision in either section which permits a minor's in camera testimony in *1694 the absence of the parent's attorney. The court was without authority to exclude appellant's attorney from the hearing.[5]
Respondent argues appellant waived her attorney's presence by failing to object to the procedure. However, there is no indication that appellant affirmatively waived her statutory right to counsel's presence. True, when the admissibility of evidence is at issue, a failure to object waives appellate review of the court's ruling. (3 Witkin, Cal. Evidence (3d ed. 1986) Introduction of Evidence at Trial, § 2012, pp. 1971-1972.) But this rule has no application to these facts, where a statutory right to the presence of counsel was ignored.
(2) Section 366.26, subdivision (g) manifests an obvious intent on the part of the Legislature that courts consider, when possible and feasible, the minor's wishes before ruling in termination proceedings. If those wishes are to be personally expressed by the minor to the court, the statute requires that the parent's counsel be present. That statutory requirement reflects the Legislature's concern for a parent's due process right of confrontation. (Cf. In re Amber D. (1991) 235 Cal. App.3d 718, 723 [286 Cal. Rptr. 751] [interpreting analogous Civ. Code, § 232, subd. (b), which sets forth an identical *1695 procedure in termination proceedings involving minors adjudged dependent children prior to Jan. 1, 1989].) (1b) Thus, the statutory requirement under section 366.26, subdivision (g) protects the constitutional right of confrontation.[6]
While any constitutional right can be waived, mere acquiescence is not a waiver; a waiver must be knowing and intelligent. (See, e.g., 5 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Trial, §§ 2802-2803, pp. 3403-3406 [waiver of right to counsel].)[7] Though appellant's attorney did not object to the procedure, there is no showing that appellant was aware of her right to have counsel present at the in camera hearing.[8] Under these facts, appellant cannot have knowingly and intelligently waived this statutory right *1696 or the constitutional right of confrontation which the statute was designed to protect.[9]
(3a) Respondent also argues even if the court erred, any error was harmless. (4) (See fn. 9.), (3b) We do not agree.[10] When a constitutional right is infringed upon, the appropriate standard of prejudice is the harmless beyond a reasonable doubt standard. (Chapman v. California (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711, 87 S.Ct. 824, 24 A.L.R.3d 1065].) Respondent argues the appropriate standard is the that of People v. Watson (1956) 46 Cal.2d 818 [299 P.2d 243]: Whether "`it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error.'" (Id. at p. 837.) This standard has been used to determine the effect of errors in juvenile dependency matters. (In re Nalani C., supra, 199 Cal. App.3d at p. 1028.) But, the termination of parental rights demands greater standards and greater scrutiny than the institution of dependency proceedings. We need not resolve this conflict, however, for under either standard the court's error in failing to require counsel's presence in the absence of a valid waiver by appellant was prejudicial.
Section 366.26 contains a final check to ensure termination of parental rights is in the best interests of the child, and is the least detrimental alternative. This check can be found in subdivision (c)(1), which provides that adoption is the preferred permanent plan when there is no probability of *1697 reunification unless one of four listed circumstances is applicable.[11] This is an expression of the Legislature's recognition that a plan other than adoption may be appropriate and less detrimental to the rights of both parent and child. (See, e.g., In re Jennifer M. (1992) 7 Cal. App.4th 728, 735-738 [9 Cal. Rptr.2d 428].) And, section 366.26, subdivision (g) reflects a legislative intent that court's consider, when possible, a minor's wishes before ruling in a termination proceeding. When that expression takes the form of in camera testimony, however, a parent is entitled to the presence of counsel at the in camera proceeding. In the absence of counsel's presence, such a procedure is not statutorily authorized.
Appellant did not want minor to be adopted, but favored guardianship. Although the maternal aunt and uncle wanted to adopt, there is a distinct chance that minor, under cross-examination, may have indicated her preference for some other plan. The record is replete with examples of minor's equivocation and the dilemma she faced in choosing between her mother and her maternal aunt and uncle. Under these facts, appellant was prejudiced by counsel's absence at the hearing.

II[*]
.... .... .... .... .... .... .... .

DISPOSITION
The judgment is reversed, and the court is directed to hold a new section 366.26 selection and implementation hearing.
Sills, P.J., and Sonenshine, J., concurred.
NOTES
[*] Pursuant to California Rules of Court, rule 976(b), part II is not published.
[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.
[2] Minor had previously been declared a dependent child in March 1985 and removed from appellant's home, and was not returned until October 1988.
[3] The court stated that "I am going to avail myself of the opportunity under ... section 350 to speak to the minor privately with the reporter and minor's counsel. Is that acceptable to everyone here in the court?" Respondent's counsel and appellant's counsel both replied that it was, but appellant was never queried.

Section 350 reads in pertinent part: "[¶] (a) The judge of the juvenile court shall control all proceedings during the hearings with a view to the expeditious and effective ascertainment of the jurisdictional facts and the ascertainment of all information relative to the present condition and future welfare of the person upon whose behalf the petition is brought. Except where there is a contested issue of fact or law, the proceedings shall be conducted in an informal nonadversary atmosphere with a view to obtaining the maximum cooperation of the minor upon whose behalf the petition is brought and all persons interested in his or her welfare with such provisions as the court may make for the disposition and care of the minor. [¶] (b) The testimony of a minor may be taken in chambers and outside the presence of the minor's parent or parents, if the minor's parent or parents are represented by counsel, the counsel is present and any of the following circumstances exist: [¶] (1) The court determines that testimony in chambers is necessary to ensure truthful testimony. [¶] (2) The minor is likely to be intimidated by a formal courtroom setting. [¶] (3) The minor is afraid to testify in front of his or her parent or parents. [¶] After testimony in chambers, the parent or parents of the minor may elect to have the court reporter read back the testimony or have the testimony summarized by counsel for the parent or parents."
[4] Subdivision (g) of section 366.26 states: "At all termination proceedings, the court shall consider the wishes of the child and shall act in the best interests of the child. [¶] The testimony of the minor may be taken in chambers and outside the presence of the minor's parent or parents if the minor's parent or parents are represented by counsel, the counsel is present, and any of the following circumstances exist: [¶] (1) The court determines that testimony in chambers is necessary to ensure truthful testimony. [¶] (2) The minor is likely to be intimidated by a formal courtroom setting. [¶] (3) The minor is afraid to testify in front of his or her parent or parents. [¶] After testimony in chambers, the parent or parents of the minor may elect to have the court reporter read back the testimony or have the testimony summarized by counsel for the parent or parents."

California Rules of Court, rule 1412(c) reads: "In a hearing pursuant to section 300 et seq., a child may testify in chambers and outside the presence of the child's parent or guardian if the parent or guardian is represented by counsel who is present, and the court determines that any of the following circumstances exist: [¶] (1) Testimony in chambers is necessary to ensure truthful testimony; or [¶] (2) The child is likely to be intimidated by a formal courtroom setting; or [¶] (3) The child is afraid to testify in front of the parent or guardian. In determining whether there is a basis for the child's in-chambers testimony, the court may consider the petitioner's report or other offers of proof. The parent or guardian may elect to have the court reporter read back the child's testimony."
[5] At oral argument, minor's counsel argued for the first time that minor's in camera testimony was authorized by section 399, which states: "Any minor being considered for placement in a foster home shall have the right to make a brief statement to the court making a decision on placement. The court may disregard any preferences expressed by the minor. The minor's right to make a statement shall not be limited to the initial placement, but shall continue for any proceedings concerning continued placement or a decision to return to parental custody."

However, the applicability of section 399 is limited to those situations where a minor is being considered for foster placement, which was not the case here. Furthermore, the court mentioned section 350 specifically, but did not cite section 399. (See fn. 3, ante.) Thus, section 399 is of no assistance. Finally, that section does not, as argued by minor's counsel, give minors an "absolute right" to speak to the court in the absence of a parent's attorney.
[6] Respondent argues that the right to counsel in dependency cases is statutory, not constitutional, therefore no issue of constitutional dimension arose when minor was examined in camera and appellant's counsel was not present. But respondent's conclusion does not flow from its premise. The right to counsel may be statutory, but it is conferred to protect parental rights, which clearly are fundamental. Parental rights may not be terminated without due process, and the right to counsel is a prophylactic measure designed to ensure compliance with due process. Here, violation of the statutory right to counsel's presence at the in camera hearing detrimentally affected the constitutional rights that counsel's presence was intended to protect.

Moreover, when a court denies a party a right guaranteed by statute, the effect may be a denial of equal protection or due process. Thus, even assuming the right to counsel at the in camera hearing was only statutory, it may have been unconstitutionally taken away. And, deprivation of a statutory right may result in denial of due process when the resulting prejudice is sufficiently great. (Baires v. I.N.S. (9th Cir.1988) 856 F.2d 89, 91.)
[7] In re Gilberto M. (1992) 6 Cal. App.4th 1194 [8 Cal. Rptr.2d 285] seems to conclude otherwise. There, a father's acquiescence to the court's jurisdiction was held to preclude a jurisdictional challenge on appeal. The court also held that the father's failure to object to prior proceedings undertaken without benefit of appointed counsel waived the issue of the right to counsel on appeal, even though the juvenile court had failed to appoint counsel in violation of a statutory mandate. (§ 317, subd. (b).) The court stated, "Once a waiver has occurred, as here, it is unimportant whether the right to counsel is merely statutory ... or is a right of constitutional significance.... [The] failure to raise it then precludes ... raising the issue now...." (In re Gilberto M. supra, 6 Cal. App.4th at p. 1200.) We have no quarrel with the first portion of this statement for, as we have stated, both statutory and constitutional rights can be waived. Our disagreement lies with the notion that silent acquiescence can effect a valid waiver of statutory and constitutional rights. In Gilberto, the court analyzed the concept of waiver in the contexts of jurisdiction and fundamental rights and concluded in conclusory fashion, without citation to relevant authority, that acquiescence can constitute a waiver of the latter as easily as the former. We cannot agree. It is one thing to hold that submission to a court's jurisdiction waives the issue on appeal  this is standard fare. But to infer that by failing to object, a party's silence can effect a waiver of fundamental rights, whether from ignorance, confusion, or other disability, is not analogous and flies in the face of established precedent. To the extent Gilberto M. so holds, we disagree with it.
[8] Since the statutory right to have counsel present at the in camera hearing was appellant's, it required a personal waiver in order to be bypassed. The confrontation and due process concerns which the right was intended to address could not be ignored by counsel as a matter of tactics without a personal waiver from appellant. "Waiver of the right to counsel should be a matter calling for the personal decision of the client  not one consigned to counsel." (In re Nalani C. (1988) 199 Cal. App.3d 1017, 1027-1028 [245 Cal. Rptr. 264].)
[9] Were we required to do so, we would find that counsel's representation was ineffective in failing either to assert the right to be present at the hearing or to elicit a knowing and intelligent waiver from his client on the record. The right to counsel in termination cases is provided for by statute. (§§ 316-317; Cf. In re Nalani C., supra, 199 Cal. App.3d at p. 1026.) Counsel is required to act in a manner consistent with reasonably competent attorneys acting as diligent advocates, and when there is a failure of such duty which deprives appellant of a potentially meritorious defense or when it is reasonably probable that a determination more favorable to appellant would have resulted but for counsel's failings, ineffective assistance will be found. (In re James S. (1991) 227 Cal. App.3d 930, 936 [278 Cal. Rptr. 295].) Here, the record is devoid of any tactical reason for counsel's acquiescence in the court's procedure. A minor's views are important in a termination proceeding; subdivision (g) of section 366.26 reflects a legislative determination that courts should consider the minor's wishes when possible. These wishes were expressed here through in camera testimony, which is only authorized when counsel for the parent or parents is present. The fact that counsel did not object to an unauthorized procedure where a conflicted minor gave critical testimony, but was not subjected to cross-examination, would lead us to conclude that counsel's representation was ineffective.
[10] We reject the notion that because respondent's counsel was also excluded from the in camera hearing, any error was harmless.
[11] The four circumstances listed in section 366.26, subdivision (c)(1) are: "(A) The parents or guardians have maintained regular visitation and contact with the minor and the minor would benefit from continuing the relationship. [¶] (B) A minor 10 years of age or older objects to termination of parental rights. [¶] (C) The child is placed in a residential treatment facility, adoption is unlikely or undesirable, and continuation of parental rights will not prevent finding the child a permanent family placement if the parents cannot resume custody when residential care is no longer needed. [¶] (D) The minor is living with a relative or foster parent who is unable or unwilling to adopt the minor because of exceptional circumstances, which do not include an unwillingness to accept legal responsibility for the minor, but who is willing and capable of providing the minor with a stable and permanent environment and the removal of the minor from the physical custody of his or her relative or foster parent would be detrimental to the emotional well-being of the minor."
[*] See footnote, ante, page 1689.