[No. D018333. Fourth Dist., Div. One. Mar. 22, 1993.]

ANTONIO G., a Minor, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Francis J. Bardsley, Public Defender, Philip W. Harry, Assistant Public Defender, Bill Boyland, Steven J. Carroll, Thomas Palmer, Susan Gaskins and Graciela Zavala, Deputy Public Defenders, for Petitioner.

Lloyd M. Harmon, Jr., County Counsel, Anthony Albers, Diane Bardsley, and R. Mark Beesley, Deputy County Counsel, for Respondent.

No appearance for Real Party in Interest.

## OPINION

**FROEHLICH, J.**—This petition is on behalf of a juvenile ward of the court. It seeks a ruling from this court reversing the denial by the superior court judge of a peremptory challenge filed on behalf of the minor. The challenge was filed in connection with a juvenile court hearing of a supplemental petition brought under Welfare and Institutions Code[1] section 777, which alleged that the minor's previous disposition on probation had not been effective in his rehabilitation. We granted a stay of the juvenile court proceedings and issued an order to show cause why the petition should not be granted.[2] Being now fully briefed on the issue, and having entertained oral argument from the petitioner and the real party in interest (RPI), we conclude that the minor is not entitled to a peremptory challenge under the circumstances of this case, and therefore deny the petition.

### BACKGROUND

The history of the case leading to the hearing in question is as follows: The minor was made a ward of the court in 1989 after a finding that he had unlawfully possessed a controlled substance for sale. In October 1992 a supplemental petition under sections 602 and 777 was filed which alleged violation by the minor of Penal Code section 12101, unlawful possession of a firearm, and other probation violations. Judge Melinda Lasater presided over the detention hearing held with reference to these charges. Based on an admission of one of the charges a violation finding was made and at the

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.

[2] The denial of a peremptory challenge is not an appealable order and may be reviewed only by peremptory writ. (Code Civ. Proc., § 170.3, subd. (d).)

subsequent disposition hearing the minor was committed to the California Youth Authority. Execution of this commitment was stayed, however, pending a review hearing set for March 12, 1993, in Judge Lasater's court.

Before this hearing could be held another supplemental petition was filed, on January 28, 1993, alleging the minor had tested positive for cocaine and phencyclidine (PCP) use. The detention hearing resulting from this petition was held before the same judge who had presided at the prior hearing and who was scheduled to administer the upcoming review hearing, Judge Lasater. A written peremptory challenge was filed prior to the hearing. The judge denied the challenge on the ground that the hearing on the supplemental petition was a continuation of prior hearings in the case, as distinguished from a determination of any new criminal charge, and hence the new hearing did not give rise to an opportunity to interpose a peremptory challenge.

## CONTENTIONS

Petitioner contends that each hearing resulting from the filing of a supplemental petition constitutes a new and original proceeding, and that the minor is clothed with all constitutional rights in connection with such new proceeding including the right to utilize a peremptory challenge.

RPI argues that the paramount issue in the hearing is the present status of the minor in light of the terms and conditions of his probation, and hence this is more a continuation of the previous proceeding than the initiation of a new matter. Accordingly, there should be no opportunity to interfere with the judge's continuing jurisdiction over the case by means of a peremptory challenge. RPI also contends a contrary rule would undermine the purposes and objectives of juvenile law which are promoted by continuing a case in the jurisdiction of the judge who first issued the terms of probation and who is familiar with the background of the case.

## DISCUSSION

■ A peremptory challenge may not be interposed to forestall a hearing which is no more than the continuation of prior proceedings. (*Jacobs* v. *Superior Court* (1959) 53 Cal.2d 187 [1 Cal.Rptr.2d 9, 347 P.2d 9]; *McClenny* v. *Superior Court* (1964) 60 Cal.2d 677 [36 Cal.Rptr.2d 459, 388 P.2d 691].) Our task, therefore, is to decide whether the hearing in this case was simply a new installment of the continuing administration of the wardship of this minor, or whether it was the commencement of litigation of new and independent charges.[3]

■ The purpose of a section 777 supplemental petition and the hearing which results from it is to establish that by reason of events occurring after

---

[3]There appears to be no authority directly in point. *In re Byron B.* (1979) 98 Cal.App.3d 330 [159 Cal.Rptr. 430] involved the denial of a peremptory challenge filed against a judge

the grant of probation the "previous disposition has not been effective in rehabilitation. . . ." In considering the petition the court is limited to the facts alleged in the petition, and these facts also are restricted to events occurring after the grant of probation. (*In re Angel E.* (1986) 177 Cal.App.3d 415, 419 [223 Cal.Rptr. 4]; *In re Ronnie P.* (1992) 10 Cal. App. 4th 1079, 1084-1086 [12 Cal.Rptr.2d 875].)

■ In determining the truth of the allegations in the supplemental petition the trial court must accord to the minor all procedural trial rights. As stated in *In re Arthur N.* (1976) 16 Cal.3d 226, 240 [127 Cal.Rptr. 641, 545 P.2d 1345]:

"[I]f the charged acts of misconduct or crimes are proved the juvenile may be removed from his parents' custody and may as a result of this adjudication, either presently or in the future, be institutionalized locally or committed to the Youth Authority. This reality compels the conclusion that the hearing cannot be equated either to a dispositional hearing or to a probation revocation hearing. The due process clause of the Fourteenth Amendment to the United States Constitution therefore requires that the standard of proof of the charged acts of misconduct or crimes be proof beyond a reasonable doubt. . . . [T]he juvenile [must be] accorded the same constitutional and statutory rights that he has on an original petition."

The issue in *Arthur N.* was not, however, the availability of a peremptory challenge for the supplemental hearing; it was whether the standard of proof of violation of law or the terms of probation should be proof beyond a reasonable doubt. An important point of the case was its distinction of adult probation revocation hearings, in which proof need be only by clear and convincing evidence, on the ground that the results of the adult probation hearing cannot be punishment any greater than that provided for the original offense, while proof of child misconduct can subject the minor to increasingly severe custody impositions. (*In re Arthur N., supra,* 16 Cal.3d at pp. 236-237.)

■ It is true that a modification of the custody terms of a minor charged with misconduct or the commission of a crime by a supplemental petition may be ordered only upon a finding of *new* acts or circumstances involving the minor. The ultimate conclusion to be reached by the court, however, is

who was to conduct a section 777 hearing. The ruling against the petitioner was based, however, not on general considerations, but rather upon a conclusion that the petitioner had waived whatever right he may have had to a peremptory challenge by virtue of commencing the hearing without objection. No suggestion is made as to what the rule should be when the challenge is timely interposed, at least in terms of the commencement of the new section 777 hearing.

that these new acts or circumstances demonstrate that "the previous disposition has not been effective in the rehabilitation or protection of the minor." (§ 777, subd. (a)(2).) Thus it is obvious that in determining the present status of the minor in light of his current transgressions reference must be made to his prior history and the objective of the probation grant he was then enjoying. (See *In re Joe A.* (1986) 183 Cal.App.3d 11, 28-29 [227 Cal.Rptr. 831], in which the minor's proved misconduct was deemed not serious in light of the facts giving rise to his probation.)

 Hence, although the original focus of a section 777 hearing is upon newly alleged misconduct, the ultimate disposition of the minor depends upon an analysis of his original problems and his history on probation. We believe it is most beneficial to the effort to achieve consistent and wise administration of the wardship of wayward juveniles that the same judge preside at recurrent hearings which review their progress. That constitutional procedural protections may be brought to bear by certain of these hearings, thus requiring a high burden of proof, representation by counsel and such, does not undermine this objective.[4]

The philosophy of juvenile court proceedings and their relationship to constitutional rights was explained in *T.N.G.* v. *Superior Court* (1971) 4 Cal.3d 767, 775 [94 Cal.Rptr. 813, 484 P.2d 981] as follows:

"The purpose of the Juvenile Court Law has long been 'to secure for each minor under the jurisdiction of the juvenile court such care and guidance, preferably in his own home, as will serve the spiritual, emotional, mental, and physical welfare of the minor and the best interests of the State. . . .' (Welf. & Inst. Code, § 502.) The process of the juvenile court involves determination of the needs of the child and society, provision for guidance and treatment for the juvenile, and protection of the child from punishment and stigma.

"In recent years the courts, while preserving the beneficial aspects of the juvenile process, have held that certain procedural protections must be observed in order to guarantee the fundamental fairness of juvenile proceedings. [Citations.] *Gault, Winship* and the other decisions which insure such procedural fairness in juvenile proceedings do not, however, suggest a surrender of the salutary protections of the juvenile court system. As we observed in *In re Dennis M.* [(1969)] 70 Cal.2d 444, 456 [75 Cal.Rptr. 1, 450

---

[4]We note that the right to a peremptory challenge is not a constitutional right, but is derived only from statute. No one has suggested that the exercise of a peremptory challenge is based upon any fundamental right so as to bring due process concepts into play. (See, e.g., *In re Laura H.* (1992) 8 Cal.App.4th 1689, 1695, fn. 6 [11 Cal.Rptr.2d 285].)

P.2d 296], 'even after *Gault*' juvenile court proceedings 'retain a *sui generis* character' and are 'conducted for the protection and benefit of the youth in question.' "

It fosters the general objectives of the juvenile court system, we conclude, for the judge who has imposed probationary conditions upon the terms of custody of a minor ward of the court to preside over supplemental hearings involving the minor. We would therefore disfavor, as a matter of policy, the adoption of a rule which would permit the interposition of peremptory challenges in the midst of continued hearings involving the development, character and conduct of the minor. We should not encourage forum shopping in such case.[5]

We therefore conclude that a hearing on a supplemental petition under section 777, which alleges misconduct of a minor in violation of the terms of his probation, is not a new or original proceeding, but instead is a continuation of the court's supervision over the minor.[6] Accordingly, the peremptory challenge provision of Code of Civil Procedure section 170.6 is not available for such proceeding.

The petition is denied. The stay of superior court proceedings issued on February 11, 1993, is vacated.

Kremer, P. J., and Huffman, J., concurred.

Petitioner's application for review by the Supreme Court was denied June 24, 1993.

---

[5]It is of note that appellant's brief cites as presumed support for the motion to disqualify the judge peremptorily that "Judge Lasater has consistently and systematically proven herself to be without leniency in these types of proceedings." While a contention of this sort might support a motion for challenge for cause under Code of Civil Procedure section 170.3, it is surely not a basis for urging a broad policy change in the use of peremptory challenges which would encourage judge shopping in juvenile court.

[6]The trial court considered that a section 777 hearing held to determine misconduct short of criminal activity might involve lesser procedural requirements than one in which the perpetration of a specific crime was alleged (here the alleged misconduct, a bad drug test, was not alleged to be nor was it treated as a crime). To the extent one relies on the reasoning set forth in *In re Arthur N.*, *supra*, quoted in the text, 16 Cal.3d at page 240, this distinction would seem misplaced. Also, our above analysis suggests no distinction between the availability of a peremptory challenge in supplemental hearings in which crimes are charged, as distinguished from such hearings involving only misconduct not rising to the level of crime. However, we recognize that we deal here not with a hearing to establish the perpetration of a crime by the minor ward, but only a hearing to demonstrate his noncriminal violation of the terms of probation.