[No. C052769. Third Dist. July 31, 2006.]

JONATHON M., Petitioner, v.
THE SUPERIOR COURT OF SAN JOAQUIN COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

James Larsen, Public Defender, Dennise S. Henderson and Nelson C. Lu, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Bill Lockyer, Attorney General, Robert R. Anderson, Mary Jo Graves, Assistant Attorneys General, George M. Hendrickson and Stephen G. Herndon, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**SIMS, Acting P. J.**—Once again, we are asked to issue a writ commanding San Joaquin County Juvenile Court Judge Barbara A. Kronlund to honor a peremptory challenge filed under Code of Civil Procedure section 170.6 (section 170.6). Once again, we shall issue a writ.

### BACKGROUND

In *Daniel V. v. Superior Court* (2006) 139 Cal.App.4th 28, 33–34 [42 Cal.Rptr.3d 471] (*Daniel V.*), filed and ordered published May 2, 2006, we unequivocally held that a "purported assignment" of two unrelated juvenile delinquency cases in San Joaquin County to "a particular judge in a particular department did not constitute a valid 'assignment for all purposes' sufficient to trigger the time for peremptory challenge of the judge [citation], where the purported assignment was made in the 'notice of petition' by a deputy court clerk, pursuant to an informal court practice rather than a court rule or order." (*Daniel V., supra,* 139 Cal.App.4th at pp. 33–34, fn. omitted].) Because the challenges were timely, we issued peremptory writs of mandate directing respondent superior court to vacate its orders denying the peremptory challenges and to enter new orders accepting the peremptory challenges. (*Id.* at p. 49.)

Judge Barbara A. Kronlund was the juvenile court judge in *Daniel V.* (*Daniel V., supra*, 139 Cal.App.4th 28, 34, 38.)

On May 17, 2006, some two weeks after *Daniel V.* was published, in the matter of *Christopher A.*,[1] Judge Kronlund announced in open court that she was not obligated to follow *Daniel V.* She said, "The decision isn't final. It appears we're [*sic*] going to be seeking petition [*sic*] from the California Supreme Court."

Judge Kronlund's refusal to follow *Daniel V., supra*, 139 Cal.App.4th 28, provoked a flurry of new writ petitions in this court.[2] One of them is the instant petition involving Jonathon M. Once again, it arises out of Judge Kronlund's denial, as untimely, of a section 170.6 challenge.

Having determined that petitioner's request appeared to be meritorious, we issued a *Palma* notice seeking any opposition to the petition. (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].) The People filed a letter brief stating, in toto, "Upon further review, Real Party in Interest will not be filing an opposition in this case." We shall therefore rely upon the record before us. We conclude the peremptory challenge was timely. We shall issue a peremptory writ in the first instance.

### FACTS AND PROCEDURES OF THE JONATHON M. CASE

On May 16, 2006, a delinquency petition was filed in San Luis Obispo County charging petitioner, a resident of an Atascadero boys' home, with misdemeanor auto burglary and felony receiving stolen property.

On May 17, 2006, Jonathon M. admitted one allegation in the San Luis Obispo County petition in a San Luis Obispo County Superior Court hearing. The petition was transferred to San Joaquin County for disposition.

---

[1] We take judicial notice of the record in *Christopher A. v. Superior Court*, pending in this court as case No. C052739.

[2] *Christopher A. v. Superior Court* (Super. Ct. Sac. County, No. J063486); *Paul B. v. Superior Court* (Super. Ct. Sac. County, No. J063456); *Jacob C. v. Superior Court* (Super. Ct. Sac. County, No. J063482) (filed May 26, 2006); and the instant case (filed June 1, 2006).

On May 19, 2006, San Joaquin County Judge Michael Coughlan (sitting in Department J1) set a contested disposition hearing on June 5, 2006, in Department J2, where Judge Kronlund usually sits. A detention review hearing was set for May 23, 2006.

On May 22, 2006, Jonathon M. filed a peremptory challenge to Judge Kronlund.

On May 23, 2006, Judge Kronlund ruled that the peremptory challenge was untimely for three reasons.

First, Judge Kronlund stated she had "handled this minor's cases being permanently assigned to the Juvenile Division Delinquency [*sic*] Court, J2 Department, since April of '05 . . . ." Judge Kronlund stated that she "disposed [*sic*] or sentenced him on January 19th of '06 on a prior matter after, it looks like a number of continuances, possibly for some competency issue at some point delayed that matter. [¶] Then I heard a contested violation of probation on Jonath[o]n and disposed [*sic*] him on that on 4/5 of '06."

Second, Judge Kronlund stated the peremptory challenge was untimely under *Antonio G. v. Superior Court* (1993) 14 Cal.App.4th 422 [17 Cal.Rptr.2d 552] (*Antonio G.*). Judge Kronlund quoted *Antonio G.*: "It fosters the general objectives of the [J]uvenile [C]ourt [System], we conclude, for the [J]udge who has imposed probationary conditions upon the terms of custody of a minor ward of the court to preside over supplemental hearings involving the minor. We would therefore disfavor, as a matter of policy, the adoption of a rule which would permit the interposition of 'preemptory' [*sic*] challenges in the midst of continued hearings involving the development, character and conduct of the minor." (See also *Antonio G., supra,* 14 Cal.App.4th at p. 428).

Finally, Judge Kronlund referred to a "valid court order" signed by Presiding Judge Giuliani and Juvenile Court Presiding Judge John Parker issued December 6, 2005, where "all even cases are assigned to me in [Department] J2." A copy of this order is found as an appendix to this opinion.[3]

---

[3] This order is part of the record in *Christopher A. v. Superior Court,* of which we took judicial notice. (See fn. 1, *ante*.)

Trial counsel objected, noting that this was not only a new petition but a transfer in of a new petition from another county. Trial counsel argued the court's ruling took away counsel's right to evaluate the case and to file a peremptory challenge.

This petition followed.

## DISCUSSION

### I. *Standard of Review*

"The standard of review is abuse of discretion, and a trial court abuses its discretion when it erroneously denies as untimely a section 170.6 challenge. (*Hemingway v. Superior Court* (2004) 122 Cal.App.4th 1148, 1153 [19 Cal.Rptr.3d 363] (*Hemingway*); *Grant v. Superior Court* (2001) 90 Cal.App.4th 518, 523 [108 Cal.Rptr.2d 825]." (*Daniel V., supra*, 139 Cal.App.4th at p. 39.)

### II. *Judge Kronlund's Refusal to Follow* Daniel V., supra, *139 Cal.App.4th 28*

Judge Kronlund's refusal to follow *Daniel V.*, on the ground it was not final, was brave but foolish. It was also legally wrong.

California Rules of Court, rule 977(d) provides in part: "A published California opinion may be cited or relied on as soon as it is certified for publication or ordered published." (Italics added.)

 Except in extraordinary circumstances, a trial judge should follow an opinion of the Court of Appeal that speaks to conditions or practices in the judge's courtroom, even though the opinion is not final, until the opinion is depublished or review is granted.

There were no extraordinary circumstances here. *Daniel V.* was laser-targeted at practices in Judge Kronlund's department. It was not a close case. At oral argument in this court, the Attorney General proffered no reason why the writ should not issue. No petition for review was ever filed. In these circumstances, Judge Kronlund abused her discretion when she refused to follow *Daniel V., supra*, 139 Cal.App.4th 28, in other cases coming before her.

III. *Judge Kronlund's Reasons for Denying the Peremptory Challenge*

Because the People have filed no opposition to issuance of the writ, we shall independently review Judge Kronlund's reasons for denying the peremptory challenge.

Judge Kronlund's first reason for denying the peremptory challenge was that she had presided over prior cases involving the minor in San Joaquin County. We do not have to decide whether this would be a good reason for denying a peremptory challenge in a continuation of a San Joaquin County case, because the instant case is a wholly separate case that originated in San Luis Obispo County.

■ "Section 170.6, subdivision [(a)](2) sets forth the time limits for a disqualification motion, one of which is the motion may not be made after a hearing at which the challenged judge determined contested fact issues relating to the merits of *the case.*" (*Barrett v. Superior Court* (1999) 77 Cal.App.4th 1, 5 [91 Cal.Rptr.2d 116], italics added.)[4]

This rule applies only where there has been a previous determination of contested fact issues in the *same case* as the one in which the peremptory challenge is filed, including any "continuation" of the main proceeding. (See *Solberg v. Superior Court* (1977) 19 Cal.3d 182, 197–198 [137 Cal.Rptr. 460,

---

[4] "Section 170.6, subdivision [(a)](2) provides in pertinent part: 'Where the judge, other than a judge assigned to the case for all purposes, court commissioner, or referee assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date. If directed to the trial of a cause where there is a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial. If directed to the trial of a cause which has been assigned to a judge for all purposes, the motion shall be made to the assigned judge or to the presiding judge by a party within 10 days after notice of the all purpose assignment, or if the party has not yet appeared in the action, then within 10 days after the appearance. If the court in which the action is pending is authorized to have no more than one judge and the motion claims that the duly elected or appointed judge of that court is prejudiced, the motion shall be made before the expiration of 30 days from the date of the first appearance in the action of the party who is making the motion or whose attorney is making the motion. . . . *If the motion is directed to a hearing (other than the trial of a cause), the motion shall be made not later than the commencement of the hearing. In the case of trials or hearings not herein specifically provided for, the procedure herein specified shall be followed as nearly as may be. The fact that a judge, court commissioner, or referee has presided at or acted in connection with a pretrial conference or other hearing, proceeding or motion prior to trial and not involving a determination of contested fact issues relating to the merits shall not preclude the later making of the motion provided for herein at the time and in the manner hereinbefore provided.*' (Italics added.)" (*Barrett v. Superior Court, supra,* 77 Cal.App.4th 1, 5.)

561 P.2d 1148].) This is clear from the introductory language in subdivision (2) of section 170.6, which refers to "the case" or "the cause." (See fn. 4, *ante.*)

Assuming without deciding that Judge Kronlund had determined contested fact issues going to the merits in earlier San Joaquin County cases,[5] that fact would not preclude exercise of a peremptory challenge in Jonathon's case, which was a new, separate case that originated in San Luis Obispo County and was not a "continuation" of any San Joaquin County case.

Nor was Jonathon's current section 170.6 challenge barred even upon the assumption that he may have filed such a challenge in one of his earlier San Joaquin County cases. "Subdivision [(a)](3) of [section 170.6] bars any party from making more than one motion 'in any one action or special proceeding'; by negative implication, in two successive actions a party may move to disqualify in each, or may disqualify in the later action without waiving that right by failing to so move in the earlier." (*Solberg v. Superior Court, supra,* 19 Cal.3d 182, 190, fn. 6.)

Nor was Judge Kronlund's reliance upon *Antonio G., supra,* 14 Cal.App.4th 422, well founded. There, in 1993, the minor was on probation before a judge with a commitment to California Youth Authority that was stayed pending a review hearing. Before the hearing could be held, a supplemental petition under Welfare and Institutions Code section 777 was filed alleging drug use. (*Antonio G., supra,* 14 Cal.App.4th at pp. 425–426.) As the appellate court explained, in holding that a peremptory challenge was unavailable for a supplemental petition, the sole purpose of such a petition at that time was to determine whether the previous disposition was successful in rehabilitating the ward. (*Id.* at p. 427.)

However, as amended by Proposition 21 in 2000, Welfare and Institutions Code section 777 now concerns only violations of probation not amounting to a crime. (Welf. & Inst. Code, § 777, subd. (a)(2), amended by initiative measure (Prop. 21, § 27, approved Mar. 7, 2000, eff. Mar. 8, 2000); see 73A West's Ann. Welf. & Inst. Code (2006 supp.) foll. § 777, p. 118.)

The San Luis Obispo petition was not of this ilk. It was not a supplemental petition, and *Antonio G., supra,* 14 Cal.App.4th 422, is inapplicable.

Judge Kronlund's final reason for denying the peremptory challenge was that Presiding Judge Giuliani and Juvenile Presiding Judge Parker had issued an order on December 6, 2005, where "all even cases are assigned to me in [Department] J2." (See appen., *post.*)

---

[5] Nothing in the record before us shows she did.

Judge Kronlund stated that, as of December 6, 2005, a valid court order "posted on counsel table" was in compliance with this court's order in *Daniel V.*[6] We did hold in *Daniel V.* that there was no valid local San Joaquin County rule or order governing the direct assignment of juvenile cases in the superior court. (*Daniel V., supra*, 139 Cal.App.4th at pp. 46–47.) We now have taken judicial notice of the record in *Christopher A. v. Superior Court* (case No. C052739). We take judicial notice that, since the events in *Daniel V.* occurred, an order signed by Presiding Judge Richard Giuliani filed December 6, 2005, did assign a case to a judicial officer for all purposes based upon the last digit of the court case number. The order states that at the initial filing of the petition, the clerk's office should affix to the face a notice that "[t]his case has been assigned to Judge ___ in department ___ for all purposes, including trial." The record shows the order was taped to counsel table where it could not be missed.

■ This was a valid method of assigning a case for all purposes to Judge Kronlund. As we pointed out in *Daniel V.*, rule 213 of the California Rules of Court says, "The presiding judge may, . . . on the court's motion, order the assignment of any case to one judge for all or such limited purposes as will promote the efficient administration of justice." (*Daniel V., supra*, 139 Cal.App.4th at p. 43.) Presiding Judge Giuliani's order, posted on counsel table, sufficed to assign all even-numbered cases to Judge Kronlund for all purposes.

The problem is that Judge Kronlund counted wrong. Section 170.6, subdivision (a)(2), provides as pertinent: "If directed to the trial of a cause that has been assigned to a judge for all purposes, the motion shall be made . . . by a party within 10 days *after notice of the all purpose assignment.*" (Italics added.)

■ The record shows that Jonathon, or his attorney, first had notice of the all-purpose assignment to Judge Kronlund on May 19, 2006, the minor's first appearance in San Joaquin County Juvenile Court. That is when they would have seen Presiding Judge Giuliani's order posted on counsel table. The minor filed the peremptory challenge on May 22, 2006, some three days after receiving notice of the assignment and well within the 10 days allowed by section 170.6, subdivision (a)(2).

It therefore appears that Judge Kronlund wrongfully denied Jonathon's peremptory challenge, and we shall issue a writ.

---

[6] Judge Kronlund's declaration prepared for *Christopher A. v. Superior Court* states the order was posted on December 9, 2005. (*Christopher A. v. Superior Court*, case No. C052739.)

## DISPOSITION

Let a peremptory writ of mandate issue in the first instance in case No. C052769, directing the juvenile court to vacate its order denying the peremptory challenge filed May 22, 2006, and to enter a new order accepting the peremptory challenge. The stay of proceedings in the juvenile court is vacated upon finality of the opinion. This opinion is ordered final forthwith.

Nicholson, J., and Raye, J., concurred.

# APPENDIX

**The Superior Court**

THIRD FLOOR COUNTY COURTHOUSE
STOCKTON, CALIFORNIA 95202

TELEPHONE
(209) 468-2827

### ORDER OF JUVENILE COURT
### THAT DIRECT CALENDAR SYSTEM, "ONE CHILD
### ONE JUDGE" RULE SHALL APPLY TO ALL
### DELINQUENCY CASES

IT IS SO ORDERED:

A. All cases described as Juvenile Delinquency cases within the provisions of Welfare & Institutions Codes section 602 shall be subject to assignment to a judicial officer for all purposes at the time of filing of the Petition. This has been the practice of the Juvenile Delinquency Court for the past two years, as authorized by the Presiding Judge of the Juvenile Court and approved by the Presiding Judge of San Joaquin County. Nothing herein shall be construed to interfere with the Presiding Judge's authority to assign or reassign cases.

B. Cases which are subject to direct calendaring shall be numerically, by last digit of the court case number, assigned to a judicial officer for all purposes, who shall thereafter handle all proceedings involving the matter, including trial, except as otherwise provided or required by law. An exception will be that in co-participant cases, those matters will remain in the courtroom of first appearance if co-participants are arraigned at the same time; an additional exception is that all auto theft cases will be handled in J-2 before that regularly assigned judge. At the time of the initial filing of the Petition, the Clerk's office shall affix to the face of the Petition by stamp or other writing, the following notice:

"This case has been assigned to Judge _____ in department ___ for all purposes, including trial".

Time limits for peremptory challenges of judicial officers under California Code of Civil Procedure section 170.6 will be within ten (10) calendar days after the first appearance.

Dated: 12/6/05

_____
Richard Guiliani, Presiding Judge
Superior Court of San Joaquin County

Dated: 12-6-05

_____
John Parker, Presiding Judge, Juvenile Court
Superior Court of San Joaquin County

r:\ssc\Kronbon\Direct Calendar Order\tc

12/9/00

**APPENDIX**