Filed 6/26/14  Charlotte M. v. Super. Ct. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| CHARLOTTE M., | |
|      Petitioner, | |
| v. | |
| THE SUPERIOR COURT OF CONTRA COSTA COUNTY, | A141676 |
|      Respondent; | (Contra Costa County Super. Ct. No. J13-01363) |
| CONTRA COSTA COUNTY CHILDREN & FAMILY SERVICES BUREAU et al., | |
|      Real Parties in Interest. | |

Petitioner Charlotte M. (Mother) seeks writ review (Cal. Rules of Court, rule 8.452) of the decision of the juvenile court setting a hearing under Welfare and Institutions Code section 366.26,[1] following an order denying Mother reunification services with her daughter, C.J.  We deny the petition.

BACKGROUND

On December 26, 2013, the Contra Costa County Children & Family Services Bureau (Bureau) filed a section 300 petition on behalf of C.J., then four days old.  Mother pled no contest to the petition's allegation that C.J. was at risk of serious physical harm

---

[1]     All undesignated section references are to the Welfare and Institutions Code.

1

because, at C.J.'s birth, both Mother and C.J. tested positive for amphetamine and Mother used methamphetamine during her pregnancy with C.J.[2] (§ 300, subd. (b).)

A contested dispositional hearing was held on April 21, 2014. As set forth in the Bureau's written report, Mother has five other children who were detained from her custody. The juvenile court took judicial notice of certain dependency records regarding two of these children, J.J. and I.J. Section 300 petitions were filed on behalf of J.J. and I.J. in April 2013. In May 2013, the juvenile court sustained allegations that J.J. and I.J. lived in an uninhabitable home, Mother has an "ongoing and chronic" drug problem preventing her from adequately providing for the minors, and Mother and the minors' father have a history of engaging in domestic violence in front of the minors. In July 2013, J.J. and I.J. were adjudged dependents of the juvenile court and reunification services were ordered. On March 25, 2014, approximately one month before the dispositional hearing on C.J.'s petition, the juvenile court terminated services with respect to J.J. and I.J. The written order included the finding, "Parents failed to participate in court-ordered treatment."

After C.J.'s section 300 petition was filed, Mother was arrested for shoplifting. Mother testified at the dispositional hearing that the criminal court informed her she would be released from custody into a residential substance abuse treatment program if she were able to secure a placement. Mother applied to two such programs after her incarceration, but no beds were available. She testified she was still trying to secure placement in such a program. In addition, while in custody Mother enrolled in a substance abuse education class. She earned custody credits for her participation in that program. Her release date was originally July 5, but would be sooner because of this participation.

According to the Bureau's report, Mother did not engage in any services until she was incarcerated, and did not comply with the case plan in J.J.'s and I.J.'s cases. She

---

[2] Two other allegations were dismissed on the Bureau's motion.

continued to use drugs every few days until her incarceration, or shortly before then.  She had been using drugs for about four years.

The juvenile court adjudged C.J. a dependent of the juvenile court and denied reunification services to Mother because services to J.J. and I.J. were terminated and Mother failed to make a reasonable effort to treat the problems that led to their removal.  (§ 361.5, subd. (b)(10).)  The court also denied services on the ground that Mother has a history of substance abuse and resisted prior treatment.  (§ 361.5, subd. (b)(13).)  The court set a section 366.26 permanency planning hearing for August 13.

DISCUSSION

I. *Section 361.5, subdivision (b)(10)*

Mother first argues the section 361.5, subdivision (b)(10) finding is not supported by substantial evidence.[3]  We disagree.

Reunification services need not be provided to a parent if the parent failed to reunify with a sibling or half sibling of the child and "has not subsequently made a reasonable effort to treat the problems that led to removal of the sibling or half sibling . . . ."  (§ 361.5, subd. (b)(10).)  "The reasonable effort requirement focuses on the extent of a parent's efforts, not whether he or she has attained 'a certain level of progress.'  [Citation.]  'To be reasonable, the parent's efforts must be more than "lackadaisical or half-hearted." ' [Citation.]"  (*R.T. v. Superior Court* (2012) 202 Cal.App.4th 908, 914.)  "It is certainly appropriate for the juvenile court to consider the *duration, extent and context* of the parent's efforts, as well as any other factors relating to the *quality and quantity* of those efforts, when evaluating the effort for reasonableness."  (*Ibid.*)  We review the court's order for substantial evidence.  (*Ibid.*)

Mother notes the challenged finding was made only one month after services for J.J. and I.J. were terminated, and argues this was not enough time for her to demonstrate "reasonable efforts" to correct the problem.  There is a split of authority regarding the

---

3       Mother does not challenge the sufficiency of the evidence with respect to the court's section 361.5, subdivision (b)(13) finding.

3

time the juvenile court should consider in assessing a parent's efforts when the termination of services in the sibling's case occurs shortly before the minor's dispositional hearing: the period since the removal of the sibling, or since the termination of services. (Compare *Cheryl P. v. Superior Court* (2006) 139 Cal.App.4th 87, 98, with *In re Harmony B.* (2005) 125 Cal.App.4th 831, 842-843.)[4] We need not decide the issue in this case because substantial evidence supports the ruling under either approach.

Mother made no efforts at all to address her substance abuse problems for several months after J.J. and I.J. were adjudged dependents of the juvenile court. Although after her incarceration, she did engage in services to address her substance abuse problems, these services also reduced her time in custody. The juvenile court could reasonably have found that Mother engaged in these services to reduce her time in custody and would not continue these efforts once released.

We note that Mother will be released from custody well before the section 366.26 hearing and will thus have the opportunity to demonstrate her ability and motivation to continue her efforts out of custody. As the juvenile court properly noted, such efforts could result in the court changing its earlier order and directing reunification services: "there's [a section] 388 motion to change a court order . . . [¶] . . . When you're out [of custody], it's up to you to decide not to use drugs and use the programs that are available. [¶] Be successful. You[r] attorney will file the appropriate pleadings, and the Court can then consider it."

---

[4] Contrary to Mother's suggestion, *In re Harmony B.* does not hold that the juvenile court should allow the parent more time to demonstrate reasonable efforts in such cases. (*In re Harmony B., supra,* 125 Cal.App.4th at p. 843 [§ 361.5, subd. (b)(10) does not require "further delay so as to allow a parent, who up to that point has failed to address his or her problems, another opportunity to do so"].)

II. *Sufficiency of Petition Allegations*

Mother next contends the section 300 petition must contain allegations that, if proved, would establish the basis for the section 361.5, subdivision (b) findings.[5]

Mother forfeited this argument by failing to raise it before the juvenile court. (*In re S.B.* (2004) 32 Cal.4th 1287, 1293.)  In any event, even if the jurisdictional findings were inadequate — an issue we need not and do not decide — any error was harmless, under any standard.  (*In re J.S.* (2011) 196 Cal.App.4th 1069, 1078-1079; *In re Laura H.* (1992) 8 Cal.App.4th 1689, 1696.)  Had Mother raised the issue below, the Bureau could have remedied any inadequacy by, for example, filing a subsequent petition.  (§ 342.) Because the juvenile court found the relevant findings proven by clear and convincing evidence for purposes of the order denying services (see § 361.5, subd. (b)), it plainly would have sustained new allegations alleging the same facts by a preponderance of the evidence (§ 355, subd. (a)).

---

[5]     Mother does not claim she lacked notice reunification services might be denied. The Bureau's disposition report recommended services be denied pursuant to section 361.5, subdivisions (b)(10) and (b)(13).

5

## DISPOSITION

The writ petition is denied.

 

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

BRUINIERS, J.